In the Matter of the Appraisal for Taxation under the Laws in Relation to Taxable Transfers of Property of the Trust Estate Created by Eugene G. Cruger by a Certain Trust Deed Dated September 13, 1892.

Bird S. Coler, Comptroller of the City and County of New York, Appellant.

Blanche E. S. Tams, General Guardian of Bertram de N. Cruger and Others, Respondent.

*Trust — contingent remainders to take effect " in possession or enjoyment " after the death of the creator of the trust — they are subject to the transfer tax.*

Eugene G. Cruger, by a trust deed executed and acknowledged in October, 1892, transferred certain personal property to trustees in trust to invest the principal, and out of the net income to pay during his life to his daughter Angele, her executors and administrators, the sum of $1,200 annually, and to return any balance of said income to him, and at his death to pay over the trust fund and any accumulated income to Angele Cruger, if living, or, if she should be dead, then to her issue, or, in default of issue, then to such persons as Angele Cruger should by will appoint, or, in default of such appointment, then to such persons as would be entitled to the same under the laws of New York had Angele Cruger died intestate and in possession of the property, except her mother who released her right of succession thereto.

Angele Cruger died September 2, 1896, intestate, unmarried, without issue and without having exercised the power of appointment. Eugene G. Cruger died

FIRST DEPARTMENT, NOVEMBER TERM, 1900.          [Vol. 54.

April 4, 1898, and the *corpus* of the trust estate passed under the terms of the trust deed to the next of kin of Angele Cruger, with the exception of her mother.

*Held,* that as the contingent remainders given to the next of kin of Angele Cruger could not "take effect in possession or enjoyment" until the death of Eugene G. Cruger, the case as to them fell within the provisions of subdivision 3 of section 1 of the Transfer Tax Law (Laws of 1892, chap. 399), providing "When the transfer is of property * * * by deed, grant, bargain, sale or gift made in contemplation of the death of the grantor, vendor or donor, or intended to take effect, in possession or enjoyment, at or after such death," a tax shall be imposed.

APPEAL by Bird S. Coler, comptroller of the city and county of New York, from an order of the Surrogate's Court of New York county, entered in said Surrogate's Court on the 4th day of June, 1900, reversing an order which confirmed the report of the appraiser theretofore appointed in the proceeding, and determined that the property and interests mentioned and described in the report of the appraiser are not liable to taxation under the laws relating to taxable transfers of property.

*Edmund F. Harding,* for the appellant.

*J. Langdon Ward,* for the respondent.

HATCH, J. :

By an instrument in writing dated September 13, 1892, acknowledged by Eugene G. Cruger October 20, 1892, and executed and acknowledged by his wife, Meta K. Cruger, October 25, 1892, the said Eugene G. Cruger assigned and transferred to two trustees certain personal property of the nominal value of $35,000, in trust : (1) To keep the principal invested as directed and collect the income, and, after deducting taxes and expenses, during his life to pay : To his daughter Angele, her executors and administrators, the sum of $1,200 annually in equal monthly payments ; and any balance of said income to him, the said Cruger. (2) At his death to pay over the trust fund and any accumulated income to Angele Cruger, if living, or, if she be dead, then to her issue, or, in default of issue, then to such persons as Angele Cruger should by will appoint, or, in default of such appointment, then to such persons as would be entitled to the same under the laws of New York had

Angele Cruger died intestate and in possession of the property (except her mother, Meta K. Cruger, who, by the terms of said instrument, released her claim thereto).

Angele Cruger died September 2, 1896, intestate, unmarried, without issue and without having executed her power of appointment under said trust instrument.

Eugene G. Cruger, who created the trust, died April 4, 1898, leaving him surviving his three children, Bertram de N. Cruger, Violet D. Cruger and Frederick H. Cruger, half-brothers and sisters of Angele Cruger, and her only next of kin (except her mother, who was excluded from the succession), and as such entitled to the *corpus* of the trust estate. After the death of Eugene G. Cruger and before any distribution had been made, S. V. R. Cruger, one of the trustees, died, and thereafter the surviving trustee filed his petition to have it determined whether the trust fund was liable to the transfer tax. An appraiser was appointed who reported that the fund was subject to the tax. An appeal was taken to the surrogate, by whom the determination was reversed, and an order entered that the fund is not liable to the tax, and from this order the present appeal is taken.

By the terms of the trust deed and immediately upon its execution and delivery, the legal title to the property irrevocably passed from the grantor therein to the trustees, and, except as to a possible surplus of income, no beneficial interest remained in the grantor therein. The provisions of the statute in force at the time of the execution and delivery of the deed (Laws of 1892, chap. 399, § 1, subd. 3) provide : " When the transfer is of property　*　*　*　by deed, grant, bargain, sale or gift made in contemplation of the death of the grantor, vendor or donor, or intended to take effect, in possession or enjoyment, at or after such death," a tax shall be imposed. The present case seems to fall squarely within the terms of the statute. Angele Cruger took a vested remainder, subject to be defeated by her death before Eugene Cruger, the founder of the trust. The next of kin took a contingent remainder, dependent upon her death within the lifetime of her father, unmarried, without issue, and without having exercised the power of appointment given her by the trust instrument. These events happened, and the contingent remainder in favor of the half-brothers and sisters

became a vested remainder in equal shares, subject to be defeated as to each by his or her death before Eugene Cruger.

If there were no authority we should think that the plain reading of the statute brought this case within its terms and made the estate subject to the tax. Such, also, seems to have been the view entertained by the Court of Appeals. (*Matter of Green*, 153 N. Y. 223.) It was there held that the real question was not whether the remainders vested at the time of the creation of the trust, as in the present claim of the respondent, but whether the remainders were intended to "'take effect, in possession or enjoyment,' at or after the death of the donor." In the present case, as in that case, although the remainders must be held to have vested, yet the remainderman could not have had actual possession and enjoyment, or right of possession, until after the death of the founder of the trust, which did not occur until April, 1898.

It follows that the order of the surrogate should be reversed and the report of the appraiser confirmed, with costs to the appellant.

VAN BRUNT, P. J., PATTERSON, O'BRIEN and INGRAHAM, JJ., concurred.

Order of surrogate reversed and report of appraiser confirmed, with costs to appellant.