Matter of the Estate of AMELIA N. DUNLAP, Deceased.

(Surrogate's Court, New York County, June, 1921.)

Transfer tax — irrevocable trust deed — vested remainders.

An irrevocable trust deed executed by decedent provided that during her life the entire income from the trust estate should be paid to her four children in equal shares and in the event of the death of one of them, leaving issue, the income was to be paid to such issue, but if none, then to the surviving children. Upon the death of the grantor three-fourths of the property was to be distributed among her daughters or the issue of deceased daughters, and the income from the remaining one-fourth was to be paid to the son of testatrix for life, with remainder to the daughters or their issue. *Held*, that under the trust deed the daughters took a vested remainder in three-fourths of the trust estate, which, however, they could not possess or enjoy until after the death of their mother.

The death of the mother making no difference in her son's enjoyment of the remaining one-fourth of the property passing by the trust deed, the transfer to him thereunder was not subject to a transfer tax, but the transfer to the daughters was properly taxable as of the date of the death of decedent.

Appeal from order fixing transfer tax.

Davies, Auerbach & Cornell (Charles E. Hotchkiss, Louis F. Schwartz, Jr., and Sydney G. Soons, of counsel), for Columbia Trust Company, trustee.

Lafayette B. Gleason (Schuyler C. Carlton, of counsel), for State Comptroller.

Foley, S.   This appeal is taken by the trustee under a deed of trust dated May 11, 1917, executed by decedent, who died May 2, 1920, from the order fixing the transfer tax herein on the ground that the appraiser has erroneously reported as taxable the transfer of the property conveyed by the trust deed and on the further ground that such transfer, if taxable, became effective as of the date of the deed and not as of the date of the death of the decedent.

It was provided by the deed that during the life of the grantor the entire income from the trust property should be paid to the grantor's four children in equal shares.  In case of the death of a child leaving issue, the income to be paid to such issue, but if none, then to the surviving children.  Upon the death of the grantor three-fourths of the property was to be distributed among her daughters, or the issue of deceased daughters.  The income from the remaining one-fourth was· to be paid to the son for life with remainder to the daughters or their issue.

Under the instrument the daughters took a vested remainder, (subject to be divested in the event of their predeceasing the grantor,) in three-fourths of the fund, which, however, they could not possess or enjoy until after the death of their mother.  In *Matter of Green,* 153 N. Y. 223, 228, it is stated, " The death ·of the donor was the event which made the transfer complete and effective and secured to the nieces the

possession and enjoyment of the property (*In re Seaman*, 147 N. Y. 77).'' Therefore, as to (1) the three-fourths of the property, the gift by the trust deed must be considered as a transfer intended to take effect in possession or enjoyment at the death of the donor. Tax Law, § 220, subd. 4; *Matter of Cruger,* 54 App. Div. 405; affd., 166 N. Y. 602; *Matter of Garcia,* 183 App. Div. 712.

(2) As to one-fourth of the property conveyed by the trust deed, the income from which was to be paid to the son of the grantor for life, the death of decedent made no difference in his enjoyment of the property. The instrument itself was complete and irrevocable and the conveyance absolute. Under these circumstances the transfer of the property to decedent's son is not taxable. *Matter of Bowers,* 186 N. Y. Supp. 912.

The order fixing tax, in so far as appealed from, is reversed as to the tax on one-fourth of the corpus of the trust. The transfer is properly taxable as of the date of death of the grantor. Examination of the order fixing tax in *Matter of Cruger, supra,* shows that the same rule was followed in that case. An order may be entered on notice correcting the taxing order in accordance with this decision.