In the Matter of the Transfer Tax upon the Trust Fund Created by the Deed of Trust, Dated May 11, 1917, between AMELIA N. DUNLAP and COLUMBIA TRUST COMPANY, as Trustee.

COLUMBIA TRUST COMPANY, Appellant; STATE TAX COMMISSION, Respondent.

First Department, April 6, 1923.

Taxation — transfer tax — trust for benefit of children during life of grantor and on death of grantor principal to be divided among beneficiaries is subject to transfer tax as of date of death of grantor under Tax Law, § 220, subd. 4 — trust for benefit of son for life with remainder over is not taxable.

The transfer of property in trust for the benefit of children of the grantor, the income to be paid to the beneficiaries during the life of the grantor and on his death the principal to be divided among the beneficiaries or the survivors of them, and the issue of the deceased beneficiaries, is subject to a transfer tax under subdivision 4 of section 220 of the Tax Law, as of the date of the death of the grantor and not as of the time of the execution of the trust deed, though there was no reservation to the grantor of the trust of any income, or the surplus of income, and no right to revoke the trust for any cause.

A transfer in trust for the benefit of the son of the grantor for the life of the son with remainder over on his death was not made in contemplation of death of the grantor and is not subject to a transfer tax.

APPEAL by the Columbia Trust Company from so much of an order of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 13th day of December, 1921, affirming a prior taxing order of said court, as fixes and assesses a tax upon certain transfers of property under said trust deed.

*Davies, Auerbach & Cornell* [*Louis F. Schwartz, Jr.*, of counsel; *Edward Cornell* with him on the brief], for the appellant.

*Lafayette B. Gleason* [*Schuyler C. Carlton* of counsel], for the respondent.

McAvoy, J.:

A transfer tax was fixed herein upon a transfer of property conveyed by a trust deed made by the decedent, Amelia R. Dunlap, May 11, 1917, to the Columbia Trust Company as trustee. Decedent died on May 2, 1920. The trust provided that during the life of the grantor the entire income from the trust estate should be paid to the grantor's four children in equal shares and in monthly installments. Upon the death of any of the four beneficiaries, during the life of the grantor, the income of the share of the one so dying was to be paid during the life of the grantor to the issue of the one so dying — if any issue survived. In the event that the one so dying did not leave issue surviving, the income was to be paid during the life of the grantor in equal shares among the survivors of the original four beneficiaries. Any issue of any beneficiary so dying was to receive the share of the income its parent would have taken if the parent had continued to live. The division was to be *per stirpes* and not *per capita.* The death of the grantor terminated the trust as to three-fourths of the property of the trust fund. Thereupon that three-fourths was directed to be distributed in equal shares to the three daughters of the decedent, or their survivors, but if any of the three daughters predeceased the grantor, leaving issue who survived at the death of the grantor, it was directed that such issue should take the share of the parent so dying, share and share alike, *per stirpes* and not *per capita.*

As to the remaining fourth part of the estate which had been held in trust by the trustee for the son of the decedent, that fourth part was to continue to be held in trust by the trustee after the death of the decedent, and throughout the life of the son of the decedent to pay and apply the income thereof to the use of the son during his lifetime. The remainder over, after the son's death, of this one-fourth part originally transferred in the trust deed, was to be paid in equal parts among the three daughters, or their survivors, with the provision that in the event that any one of them should die prior to the death of the grantor leaving issue surviving at the death of the grantor, then the issue should take the share of the parent, *per stirpes* and not *per capita.* There was no reservation to the grantor of the trust of any income, surplus of income or right to revoke the trust for any cause, nor is there

9

any claim that the transfer of the trust deed was not an absolute and unconditional setting over of all title in the properties transferred from the deceased to the trustee. The main question is: Is that part of the corpus of the trust estate which passed to the surviving daughter and the child of a deceased daughter, being the three-fourths part of the estate that had been held in trust for the three daughters, taxable as a gift intended to take effect in possession or enjoyment at or after the death of the person making the transfer? And the further question is involved, to wit: Assuming that the transfer to the aforesaid beneficiaries is taxable, is the tax to be laid as of the date of the transfer by the trust deed of the properties comprised therein to the trustee, or should the tax be fixed as of the date of the death of the grantor? The learned surrogate has held that the three-fourths of the corpus of the estate which passed to the daughter and a son of a deceased daughter, the third daughter having died without issue prior to the grantor's death, was taxable, and that the one-fourth part which was held in trust during the lifetime of the grantor for the son, and which is continued to be held in trust for him during the rest of his life, was not taxable. He also held that the transfer was taxable at the date of the death of the grantor and not at the time of the execution of the trust deed. (*Matter of Dunlap*, 115 Misc. Rep. 580.) These rulings were quite correct. There was no transfer of possession and enjoyment of the remainders to the beneficiaries until the death of Amelia Dunlap, the grantor. The trust deed smacks of an intent to withhold a vesting of possession and enjoyment in the three beneficiaries in the corpus of their respective shares in remainder until the termination of the life of the grantor. The estate to the daughters during her life granted income only. The transfer upon her death was of the corpus of the three-fourths of the trust estate to the surviving beneficiaries or their issue. There was, therefore, a transfer here of an estate to the daughters or their issue or survivors, intended to take effect in possession or enjoyment at and after the death of the grantor, and the transfer is taxable under section 220, subdivision 4, of the Tax Law (as amd. by Laws of 1916, chap. 323, and Laws of 1919, chap. 626).* The transfer to the son was of a life estate as of the date of the deed, and continued as such after the death of the grantor. It was complete at the time of the deed and was not made in contemplation of death, and its whole enjoyment and possession was intended to take effect immediately upon the creation of the trust. It was, therefore, not taxable. That the tax upon the three-fourths of the corpus was properly assessed as of the date of the death of the grantor seems apparent, because

* Since amd. by Laws of 1922, chap. 430.— [REP.

until her death that transfer was not complete. There might have been in the event of the death of all of the daughters and the failure of any issue of any of them, a reversion as a matter of law to the grantor of the trust. In such event, the trust would have been executed and the purpose for which the express trust was created would cease. The estate of the trustee would also cease and the reversion, as defined in section 39 of the Real Property Law, would arise. Section 102 of the Real Property Law provides as follows:

" Interest remaining in grantor of express trust. Where an express trust is created, every legal estate and interest not embraced in the trust, and not otherwise disposed of, shall remain in or revert to, the person creating the trust or his heirs."

This situation created by the statute is precisely analogous to the situation created in a deed of trust, when such deed provides that, in case a life estate for the grantor's beneficiary should terminate, a remainder to her issue is granted; but if the life tenant should die without leaving any issue, the trust should cease and revert to the grantor. It was not an impossible contingency that during the lifetime of the grantor she would receive back the property, and in that view, remotely contingent as it might be, there was no absolute transfer of these remainders until the time of her death, when they became absolutely vested in the possession and enjoyment of the remaindermen.

The surrogate's order was right and should be affirmed, with costs.

DOWLING, SMITH, MERRELL and FINCH, JJ., concur.

Order affirmed, with costs.