In the Matter of the Transfer Tax upon the Estate of JACOB G. SCHMIDLAPP, Deceased.

CARL J. SCHMIDLAPP et al., Appellants; STATE TAX COMMISSION, Respondent.

**Tax — deed of trust — when law in force at delivery of deed, when that in force at death, is measure of right to tax — reservation by donor of income during his life but not after certain date with right to modify or alter during continuance of trust — death of donor before date mentioned — gift to donees not effective until death and, therefore, subject to transfer tax — statute not a denial of due process.**

1. The distinction between a gift which clothes the donee with a right of present enjoyment, though subject to revocation at the will of the donor, and one where the donor reserves to himself not only the power to revoke, but also enjoyment during life, so that no beneficial right enforcible against him exists until his death, is that in the one class of cases the law in force at the delivery of the deed, and in the other the law in force at death, is the measure of the right to tax. (*Matter of Seaman*, 147 N. Y. 69, 77; *Matter of Bostwick*, 160 N. Y. 489; *Matter of Dana Co.*, 215 N. Y. 461, 463, followed.)

2. A deed of trust made by a non-resident transferring shares of stock in New York corporations to a trustee and providing that the income should be paid to the grantor during his lifetime but not after August 10, 1923, after which time or his prior death the income was to be paid to his sons during their lives with a right to them to dispose of the principal by appointment, but reserving to the grantor the right to direct and control investments and at any time during the continuance of the trusts to " modify or alter in any manner or revoke in whole or in part this indenture," is ineffective to clothe the donees with any right enforcible against the resistance of the donor or his personal representatives until the death of the donor leaving it unrevoked. The gift to the sons, therefore, did not take effect until the death of the father, which occurred December 18, 1919, and is subject to the transfer tax imposed by the amendment to the Tax Law (L. 1919, ch. 626) in effect May 14, 1919.

3. An assault upon the statute as a denial of " due process " must fail. A gift by deed of trust to take effect in enjoyment upon the death of the donor, with the reservation of intermediate use, and with complete power of revocation, approaches so nearly to a gift by will

that the legislature may declare their substantial identity for the purpose of taxation.

4. The possible contingency that the sons' enjoyment of the income might have begun while the grantor was yet in being is insufficient to take the case out of the rule.

*Matter of Schmidlapp,* 206 App. Div. 689, affirmed.

(Argued June 4, 1923; decided July 13, 1923.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered May 4, 1923, which affirmed an order of the New York County Surrogate's Court assessing a transfer tax upon the estate of Jacob G. Schmidlapp, deceased.

*Joseph S. Graydon* and *Lawrence Maxwell* for Carl J. Schmidlapp, appellant. The Appellate Division and the surrogate erred in construing the Tax Law of May 14, 1919, as applicable to a transfer made in 1915. (*Union Trust Co.* v. *Wardell,* 258 U. S. 537; *Schwab* v. *Doyle,* 258 U. S. 529; *Matter of Bowers,* 195 App. Div. 548; 231 N. Y. 613; *Matter of Cochrane,* 117 Misc. Rep. 18; 202 App. Div. 751; *Matter of Carnegie,* 203 App. Div. 91; 236 N. Y. 517.) As matter of law the estates created by the Schmidlapp deed were not intended to take effect at his death and were not taxable under the statute. (2 Washb. on Real Prop. [4th ed.] 539; *Matter of Brandreth,* 169 N. Y. 437.) If the statute of May 14, 1919, is applicable to the transfers of the Schmidlapp trust of January 14, 1915, the statute is in contravention of section 10 of article 1 and of the Fourteenth Amendment of the Constitution of the United States and of section 6 of article 1 of the Constitution of the state of New York in that it deprives the trust company and the beneficiaries of property without due process of law and takes private property for public purposes without just compensation. (*Shwab* v. *Doyle,* 269 Fed. Rep. 321; *Levy* v. *Wardell,* 258 U. S. 542; *Matter of Craig,* 97 App. Div. 289; 181 N. Y. 551; *Chanler* v. *Kelsey,* 205 U. S. 466; *Matter of Pell,* 171 N. Y. 48;

*Hunt* v. *Wicht*, 174 Cal. 205; *People* v. *Carpenter*, 264 Ill. 400; *Herriott* v. *Potter*, 115 Iowa, 648; *Commonwealth* v. *Wellford*, 114 Va. 372; *State ex rel. Probate Court*, 102 Minn. 268; *Matter of Smith*, 150 App. Div. 805; *Matter of Keeney*, 194 N. Y. 281; 222 U. S. 525.)

*Fitzhugh McGrew* for Bankers Trust Company, appellant. The court below erred in holding that, as a matter of law, the deed of trust was intended to take effect in possession or enjoyment at or after the death of the donor and also erred in refusing to consider the evidence of intent offered by the appellants. (*Matter of Masury*, 28 App. Div. 580; 159 N. Y. 532; *Matter of Bowers*, 195 App. Div. 548; 231 N. Y. 613; *Matter of Cochrane*, 117 Misc. Rep. 18; 202 App. Div. 751; *Matter of Carnegie*, 203 App. Div. 91; 236 N. Y. 517; *Jones* v. *Clifton*, 101 U. S. 225; Greenl. on Ev. 355; *Matter of Bronson*, 150 N. Y. 1; *Kelly* v. *Woolsey*, 177 Cal. 325; *Lamb* v. *Morrow*, 140 Iowa, 89.) The transfers took place after January 1, 1915, and prior to May 14, 1919. The law in effect at the dates of the transfers governs the imposition of the tax and no transfer tax can be imposed upon transfers of stock of New York corporations made by a non-resident between January 1, 1915, and May 14, 1919. (*Matter of Swift*, 137 N. Y. 77; *Matter of Seaman*, 147 N. Y. 69; *Matter of Green*, 153 N. Y. 223; *Matter of Bostwick*, 160 N. Y. 489; *Matter of Dana*, 215 N. Y. 461; *Matter of Webber*, 151 App. Div. 539; *Matter of Meserole*, 98 Misc. Rep. 105; *Keeney* v. *New York*, 222 U. S. 537.) A transfer tax on remainders (vested or contingent) created by deed of trust of a non-resident after January 1, 1915, and before May 14, 1919, would be unconstitutional and void under both the Federal and New York State Constitutions. (*Matter of Clark*, 120 Misc. Rep. 191; *Fulton Trust Co.* v. *Phillips*, 218 N. Y. 573; *Matter of Embree*, 9 App. Div. 602; *Cammann* v. *Bailey*, 210 N. Y. 19; *Matter of Hicks*, 119 Misc. Rep. 6; *Matter of Valentine*,

119 Misc. Rep. 442; *Montgomery* v. *Blade,* 145 N. Y. 122; *Moore* v. *Littell,* 41 N. Y. 76; *Matter of Trevor,* 120 Misc. Rep. 29; *Matter of Pell,* 171 N. Y. 48; *Matter of Vanderbilt,* 172 N. Y. 69.)

*William W. Wingate* for respondent. As the trust agreement in question contains an absolute power of revocation, the Tax Law in effect at the date of decedent's death governs. (*Matter of Dana Co.,* 215 N. Y. 461; *Matter of Bostwick,* 160 N. Y. 489; *Matter of Seaman,* 147 N. Y. 69; *Matter of Garcia,* 183 App. Div. 712; *Matter of Hanna,* N. Y. L. J. July 17, 1922; *Matter of Hoyt,* 86 Misc. Rep. 696; *Matter of Ely,* 149 N. Y. Supp. 90; *Matter of Schermerhorn,* 149 N. Y. Supp. 95.) The transfers under the deed of trust were intended to and did take effect in possession and enjoyment at the death of Jacob G. Schmidlapp and are taxable in this proceeding. (*Matter of Dana Co.,* 215 N. Y. 461; *Matter of Keeney,* 194 N. Y. 285; *Matter of Cornell,* 170 N. Y. 423; *Matter of Brandreth,* 169 N. Y. 439; *Matter of Bostwick,* 160 N. Y. 492; *Matter of Green,* 153 N. Y. 225; *Matter of Bacon,* 187 App. Div. 921; 226 N. Y. 563; *Matter of Garcia,* 183 App. Div. 712; *Matter of Van Cott,* 180 App. Div. 811; *Matter of Patterson,* 146 App. Div. 246.)

CARDOZO, J. On January 14, 1915, Jacob G. Schmidlapp, a resident of Cincinnati, Ohio, made a deed of trust to the Bankers' Trust Company, as trustee, transferring shares of stock in New York corporations of the value of $787,191.05. The deed provided that the income should be paid to the grantor during his lifetime, but not after August 10, 1923, at which time his youngest son would attain the age of thirty-five. On the death of the grantor, or on August 10, 1923, if the grantor should then be living, the trustee was directed to divide the principal of the trust fund into two equal parts, and to apply the income of one part to the use of one of

the grantor's sons during life and the income of the other part to the use of the other son. Upon the death of either son after August 10, 1923, or after the death of the grantor, the principal was to be paid as the son so dying should appoint, and, in default of such appointment, to such persons as would succeed under the laws of Ohio if the son had died intestate, the owner of the fund. Provision was also made for the distribution of the fund in other contingencies. The grantor reserved the right to control and direct all investments and reinvestments. He also reserved the right at any time during the continuance of the trusts to " modify or alter in any manner, or revoke in whole or in part this indenture, or any or all of the trusts then existing and the limitations and estates and interest in property hereby created and provided for subsequent to such trusts."

A transfer by a non-resident of shares in New York corporations was not taxable, even though testamentary, under the Transfer Tax Law of New York as it stood in 1915. In May, 1919, however, the law was changed. A tax was then imposed upon the transfer of " shares of stock of corporations organized under the laws of this state  *  *  * made by a non-resident " by will or by intestate law or " by deed, grant, bargain, sale or gift made in contemplation of the death of the grantor, vendor or donor or intended to take effect in possession or enjoyment at or after such ˙death " (Tax Law [Cons. Laws, ch. 60], § 220, subd. 4, as amended by L. 1919, ch. 626, in effect May 14, 1919). The grantor, Jacob G. Schmidlapp, died December 18, 1919. The question is whether the transfer to the trustee for the benefit of the sons and of the ultimate remaindermen is subject to the tax.

If the deed of trust had been delivered after the amendment of 1919, the answer would be free from doubt. It would then be unimportant whether the grant did or did not contain a power to revoke. With or without such a power, the transfer would be taxable

as a gift to take effect in possession or enjoyment upon the death of the grantor. (*Matter of Brandreth,* 169 N. Y. 437, 442; *Matter of Cornell,* 170 N. Y. 423; *Matter of Keeney,* 194 N. Y. 281, 285). This deed, however, was delivered in January, 1915, more than four years before the amendment was adopted. The problem, therefore, is not solved by characterizing the gift as one to take effect in possession or enjoyment upon death. All this it may be, and still the gift will be immune if in substance, and not in form merely, it was made before the statute (*Matter of Pell,* 171 N. Y. 48; *Matter of Craig,* 97 App. Div. 289; 181 N. Y. 551). The tax is a charge upon the creation of the right. It is not a charge upon fruition in enjoyment or possession. We must fix the point of time at which creation was effective.

The legislature has said that in the solution of this problem heed shall be given, not to names, but to realities. By subdivision 5 of section 220 the tax is imposed " when any such person · or corporation becomes beneficially entitled, in possession or expectancy, to any property or the income thereof by any such transfer whether made before or after the passage of this chapter." That provision came into the statute in 1892, and has been kept there unchanged through all the subsequent revisions. Its meaning was considered in *Matter of Seaman* (147 N. Y. 69, 77). We refused to lay a charge upon remainders, whether vested or contingent, if the will creating them had become effective through the death of the testator before the passage of the statute. Our view was that the remaindermen in such circumstances were already " beneficially entitled " to an interest in expectancy. The statute in our reading of it was aimed at transfers of another order. We said that where a deed had been delivered to take effect in possession or enjoyment upon death, with the reservation to the donor during life, not only of the right to use, but of the power to revoke, a gift so made was placed by this provision

of the statute " on the same footing as one by will "
(147 N. Y. at p. 77). The transfer was " to date from
the one event which makes it operative and effective."
" So much," we said, " the legislature certainly intended."
Later cases, both in this court and in the Appellate
Divisions, enforce the same view (*Matter of Bostwick*,
160 N. Y. 489; *Matter of Dana Co.*, 215 N. Y. 461, 463,
464; *Matter of Garcia*, 183 App. Div. 712, 716). The
statute has been applied to deeds delivered before its
passage whenever the use and dominion retained by
the grantor were such that the deeds were in substance
equivalent to wills.

We think the principle of these decisions is applicable
here. The sons never became beneficially entitled either
in possession or in expectancy to any right in this property
that was capable of enforcement against the will of the
grantor. The transaction in that respect was ambulatory
to the same extent as if it had been strictly testamentary.
Nothing to the contrary is found in a line of cases where a
power of revocation stood alone, unaccompanied by other
elements of ownership and dominion (*Matter of Masury*,
28 App. Div. 580; 159 N. Y. 532; *Matter of Bowers*, 195
App. Div. 548; 231 N. Y. 613; *Matter of Carnegie*,
203 App. Div. 91; 236 N. Y. 517; *Matter of Miller*, 236
N. Y. 290). The distinction is between a gift which
clothes the donee with a right of present enjoyment,
though subject to revocation at the will of the donor, and
one where the donor reserves to himself not only the power
to revoke, but also enjoyment during life, so that no bene-
ficial right enforcible against him exists until his death.
In the one class of cases, the law in force at the delivery
of the deed, and in the other the law in force at death, is
the measure of the right to tax.

The statute is assailed as a denial of " due process."
The assault, we think, must fail. A gift by deed of trust
to take effect in enjoyment upon the death of the donor,
with the reservation of intermediate use, and with com-

plete power of revocation, approaches so nearly to a gift by will that the legislature may declare their substantial identity for the purpose of taxation (*Matter of Dows*, 167 N. Y. 227; *Orr* v. *Gilman*, 183 U. S. 278; *Matter of Delano*, 176 N. Y. 486; *Chanler* v. *Kelsey*, 205 U. S. 466). The execution of such a deed is ineffective to clothe the donee with any right enforcible against the resistance either of the donor himself or of his personal representatives until the deed has been followed by death and the election to leave it unrevoked. Until then, any right that is acquired is imperfect and inchoate. The operative events that fill out the measure or content of a right are in a very real sense the events that fix the moment of its creation. We find nothing hostile to this view in *Matter of Pell* (171 N. Y. 48); *Matter of Craig* (97 App. Div. 289; 181 N. Y. 551); *Shwab* v. *Doyle* (258 U. S. 529); *Union Trust Co. of San Francisco* v. *Wardell* (258 U. S. 537), and *Levy* v. *Wardell* (258 U. S. 542). In *Matter of Pell* the remainder had completely vested before the statute was enacted. In *Matter of Craig* the remainder was contingent, but the contingency was not dependent on the will of the donor, and the right as against him was already perfect and complete. The cases in the Supreme Court are similar to the *Pell* case, and the court was at pains to point out that the deeds were not subject to a power of revocation (258 U. S. at 544). We think this conveyance was so far ambulatory until the death of the donor that rights acquired under it might be taxed as if acquired under a will.

Some point is made that the reservation of income during the life of the grantor was coupled with a direction that if he lived until August 10, 1923, the reservation should then end. In a possible contingency, therefore, the sons' enjoyment of the income might have begun while the grantor was yet in being. We think this feature is insufficient to take the case out of the rule laid down in the cases of *Seaman*, *Bostwick* and *Dana*. The

grantor did *not* live until August 10, 1923, and if he had, he might even then have revoked or modified the trust. We are to view the sequence of events in the order of the actual rather than the possible. The transfer, as events have shaped it, was ambulatory during life, and the fullness of finality came to it only upon death.

The order should be affirmed with costs.

Hiscock, Ch. J., Hogan, Pound, Crane and Andrews, JJ., concur; McLaughlin, J., not sitting.

Order affirmed.