## In the Matter of the Estate of JOSEPH E. WINTERS.

Surrogate's Court, New York County, May 22, 1924.

*Winthrop & Stimson,* for the executrix.

*Charles A. Curtin,* for the State Tax Commission.

O'BRIEN, S.   This appeal is taken by the daughter of the decedent, individually and as executrix, from the order fixing the transfer tax on the ground that a tax has been assessed on the value of certain property passing by a trust deed.   The decedent died October 4, 1922.   By an instrument dated December 30, 1919, he and his wife transferred to their daughter, the appellant herein, as trustee, certain property, with directions to collect the income and pay five-sixths thereof to the decedent during his life and one-sixth to the daughter.   There was a further provision in the instrument that upon the death of the decedent the entire principal be paid to the daughter.   No power of revocation was reserved to the grantor.   The portion of the trust fund, the income from which was to be paid to the grantor during his life, is taxable as a transfer to take effect in possession and enjoyment at death.

(*Matter of Schmidlapp*, 236 N. Y. 278; *Matter of Keeney*, 194 id. 281; *Matter of Dana Co.*, 215 id. 461; *Matter of Brandreth*, 169 id. 437; *Matter of Cornell*, 170 id. 423.) The fact that the decedent did not actually claim or receive any part of the income does not affect the taxability of the transfer. (*Matter of Schmidlapp, supra; Matter of Masury*, 28 App. Div. 580; affd., 159 N. Y. 532.) The appeal is denied as to the tax on five-sixths of the trust fund. The one-sixth of the fund, the income from which was to be paid to the daughter of the decedent during her lifetime, is not subject to the tax, because the death of the decedent did not affect the beneficiary's enjoyment. (*Matter of Dunlap*, 205 App. Div. 128.) The appeal is sustained on this ground.

Submit order on notice modifying the order fixing the transfer tax in accordance with this decision.