WARDEN et al. v. LEDERER, Former Collector.

District Court, E. D. Pennsylvania. November 23, 1927.

No. 10870.

1. Internal revenue ⚖=7(11)—Accretions from sale of securities in trust, though belonging to corpus, are taxable as income.

Accretions from sale of securities in trust estate, though under state law belonging to corpus of trust as capital gains, are taxable as income.

2. Internal revenue ⚖=7(27)—Profit on sale of securities in trust, added to corpus, held taxable as income of trust estate not of donor.

Where decedent, who created trust estate in which he was donee of income, parted with possession and control of everything made part of trust estate, and thereafter received nothing but income, and never exercised power of revocation reserved therein, profit on sales of securities by trustees, which was added to corpus under state law, was taxable as income of trust estate, and not as income of donor.

3. Internal revenue ⚖=38(11)—Statement of claim in suit to recover additional income tax paid must show action was brought within time prescribed by statute.

Statement of claim, in suit to recover additional income tax paid by donor of trust, must show that action was brought within time limit fixed by statutes granting right to maintain the suit, and failure to do so may be made a defense as a matter of law.

In Equity. Suit by Clarence A. Warden and another, executors of the will of Sarah W. Warden, deceased, against Ephraim Lederer, former Collector. On statutory demurrer. Demurrer overruled, and judgment directed for plaintiff, unless defendant files affidavit of defense.

William Clarke Mason, of Philadelphia, Pa., for plaintiffs.

Mark Thatcher, of Philadelphia, Pa., Herbert B. Hunt, of Washington, D. C., and George W. Coles, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. The conclusion reached is that the questions of law raised should be ruled against the defendant.

Discussion.

[1, 2] Going directly to the real question in this cause, it is whether an income tax should be assessed and levied against the grantor of an estate in trust or the trust estate created. There is no question of taxable income and none of liability. The question is who is liable. Sarah W. Warden created a trust estate July 16, 1908, the income from which was made payable to herself, but accretions from sales of the corpus belonged under the law of Pennsylvania to the corpus. Such gains are, however, taxable income, although capital gains. The trust was revocable, but the grantor parted with the possession and control of everything which had been made part of the trust estate, receiving thereafter nothing but the income, upon which she paid the assessed tax. She never exercised the power of revocation. The trustees sold some of the trust investments, upon which they made a profit, reinvesting what they received as part of the corpus of the estate. The taxing authorities subsequently reassessed the plaintiff's decedent (the grantor), charging her with the mentioned gain as additional income.

Since this tax was assessed Congress has made the income from a revocable trust taxable to the donor, but there is no claim that the statute (26 USCA § 960; Comp. St. § 6336⅛ii) is retroactive. The Treasury Department Regulations first called for the assessment of such a tax; then this regulation was revoked and after the ruling of the court in Stoddard v. Eaton (D. C.) 22 F.(2d) 184 (hereinafter discussed), returned to the position that the sales profit referred to should be included in the taxable income of the donor.

The Tax Liability.

The defense rests wholly upon the cited case. If the doctrine of that case is not applicable to the instant case, the defense is admittedly not made out. The argument of the Stoddard v. Eaton ruling begins with the proposition that the tax laws deal with things as they are, not as legal fictions conceive them to be; next, that the trust deed there was little, if anything, more, and was construed by and acted upon by the parties as no more than a letter of attorney; next, that the nominal donor had never in fact parted with anything more than the bare legal title, and that a mere paper title; that he had himself made most of the sales out of which the gains and losses had flowed, and that where there were gains he had received them; that he had in fact treated the trust, which he characterized as an "agency-trust," as no more than a power in the trustees to act in his absence; and that he had finally by a revocation resumed even the legal title, although this latter act

was after the tax levy. The court really found that there has been no donation in fact, the formal donor being the real donee. Here none of these equivocal acts were present. The grantor was a real donor of the principal of the trust estate and a donee only of the income. This she received from the trustees, having parted with all control over what she had given. She had, it is true, in her hands a power to resume control, but this she never exercised by word or act. The revocation was inert, and remained so to the day of her death.

We do not see that Stoddard v. Eaton in its facts touches or even approaches the instant case. As counsel for defendant, who by special training are experts in tax matters, concede that if the cited case, upon which they rely, does not in principle rule the question before us, the defense fails, we see no need to pursue the subject further than to state our conclusion that the gain on the sale of the stock which was disposed of should not have been included in the taxable income of the plaintiff's decedent.

### The Statute of Limitations.

[3] This is more than we have thus termed it, because the time limit is a condition of the right of action. We do not have access to the statutes, but take the pertinent provisions from the paper books, the accuracy of which we do not question. There are, it is true, jurisdictions (of which Pennsylvania is one) in which a statute of limitations is held to be a defense which must be pleaded, and hence not the subject of a demurrer to a declaration or statement of claim. This doctrine applies, however, to what are in strictness time limitations upon the assertion of an existing right of action. In the instant and like cases the time limit is a condition of a cause of action. The right to resort to the action begun in such cases would not exist, were it not for these acts of Congress, and the right is given upon the condition (inter alia) that the action be brought within the time limit imposed.

We think, therefore, that the statement of claim must show compliance with these time requirements, and that a failure so to do may be made a defense as matter of law. A discussion of these acts with anything like adequacy would extend this opinion to inordinate length. We in consequence content ourselves with a statement of the conclusion reached that the present action was brought in time.

We refuse to rule in favor of the defendant the questions of law raised by the affidavits filed, and further direct that judgment in favor of the plaintiff and against the de-

fendant for the sum claimed may be entered, unless defendant shall within 15 days file an affidavit of defense to the fact merits of the cause, in compliance with the Practice Act of 1915 (Pa. St. 1920, §§ 17181–17204).