## In the Matter of the Estate of MARY P. NORRIS, Deceased.

Surrogate's Court, New York County, May 24, 1928.

860

*Miller, Otis & Farr,* for the trustees.

*Charles A. Curtin,* for the State Tax Commission.

FOLEY, S.    This is an appeal by the trustees from the report of the transfer tax appraiser and the order entered thereon upon the ground that the tax has been improperly assessed upon a transfer under a deed of trust.    The specific grounds of appeal are: (1) That the transfer of the property passing under the deed of trust is not taxable at all; (2) that if the transfer is taxable the value of the property as appraised is grossly excessive; (3) that the provision as to joint accounts is immaterial and has no relation to the facts now before this court; (4) that the value of the property transferred could not exceed the value of the amount contributed to the trust fund; (5) that if taxable at all, the basis of the tax should be the present value of a life estate passing to a daughter of the decedent and subject to an exemption of $5,000.

The decedent died on September 20, 1927.    By a deed of trust dated September 30, 1926, she and her daughter, Mary Frances Norris, transferred to trustees, in trust, personal property with directions to pay, out of the net income, $2,400 per annum to the decedent and the balance of the net income to Mary Frances Norris. Upon the death of either of the grantors the trustees were directed to pay the whole of said net income to the surviving grantor until her death.    Upon the death of the survivor the principal of the trust fund is payable in equal shares to the children, then living, of Alfred L. Norris and their issue *per stirpes*.    The decedent contributed to the trust fund the sum of $15,500 in cash.    The balance of the fund, consisting of cash and shares of stock, which aggregated approximately $125,000, was contributed by the decedent's daughter, Mary Frances Norris.    The appraiser has reported as taxable, on the death of this decedent, a life annuity of $2,400 to Mary Frances Norris, and has further reported as taxable against the trustee, for the benefit of a person of the one per cent class, the full undiminished

value of one-half of the trust fund. The taxing order has assessed the tax accordingly.

The appellants' argument that the transfer is not taxable, because made for a valuable consideration, cannot be sustained, and this ground of appeal is overruled. From the facts and the evidence submitted to the appraiser I reach the conclusion that the arrangement between the decedent and her daughter, whereby each contributed definite amounts to the trust fund, was not contractual. It does not appear to have been the intention of the grantors that, in consideration for the mother's contribution of $15,500 to the trust fund, she would receive annually from the net income the sum of $2,400. The evidence points to the conclusion that the trust was primarily for the benefit of the children of Alfred L. Norris and their issue. One of the trustees, in an affidavit, stated " that the sole purpose for creating said trust was to prevent the prospective husband of Miss Mary Frances Norris from acquiring title to any portion of the money and securities," and that this decedent joined as a grantor in the trust for the purpose of convenience. His affidavit further states " that it was understood by all concerned that all interest and dividends on the entire fund would be paid to Miss Mary Frances Norris," and " that the sole reason for the reservation of a $2,400 income right to Mrs. Mary P. Norris was to give her an enforceable legal right should circumstances occur rendering it necessary for her to exercise it." The fact that Mary Frances Norris received the entire income from the fund, since the creation of the trust, further sustains this conclusion.

The second ground of appeal is sustained. The trust deed here was irrevocable and no right to amend, modify or alter it was reserved by the grantors. Under its terms the entire income was payable to the grantors or their survivor. The transfers by the two grantors, under the deed of trust, were effected by delivery of the deed. This fact, however, does not render the transfers non-taxable. Had there been but one grantor who reserved to himself the income from the fund, there could be no question as to the taxability of the principal of that part of the trust which would take effect in possession and enjoyment at his death. (*Matter of Schmidlapp*, 236 N. Y. 278; *Matter of Keeney*, 194 id. 281; *Matter of Cornell*, 170 id. 423; *Matter of Brandreth*, 169 id. 437; *Matter of Green*, 153 id. 223.) The fact that there are two grantors does not alter the rule as to the taxability of the transfers by each of the grantors. Each of the grantors must have contemplated that the remaindermen would be entitled to the actual possession and enjoyment of their interests only upon her death or upon the death of the surviving grantor, and the transfer by each grantor is a transfer " intended to

take effect in possession or enjoyment at or after " the death of the respective grantor. This decedent, by the trust agreement of September 30, 1926, transferred in trust the sum of $15,500. That portion of the trust fund with respect to both the surviving life estate and the remainder is taxable as a transfer to take effect in possession and enjoyment at or after the decedent's death. Upon her death her daughter, Mary Frances Norris, comes into the enjoyment of the income from that fund. I hold, therefore, that the value of a life interest in that portion of the fund, based upon her expectancy of life computed as of the date of the decedent's death, must be taxed against the decedent's daughter. The daughter is, of course, entitled to the statutory exemption of $5,000. Pursuant to the law in effect at the date of the transfer, the full undiminished value of that portion of the corpus of the trust fund must also be temporarily taxed against the trustees for the benefit of the remaindermen.

The decedent's daughter does not become entitled to an annuity of $2,400 a year upon the death of this decedent, as has been reported by the transfer tax appraiser. This decedent contributed only $15,500 to the trust fund. That portion of the trust fund would not produce an annual income of $2,400, and any income which the decedent might claim under the provisions of the trust agreement, in excess of that produced by her contribution to the fund, was a contribution by her daughter, donative in character, and not taxable in this estate. The conclusion reached by me appears to be fair and equitable both to the State and to the estate.

The third ground of appeal is sustained. Section 220, subdivision 5, of the Tax Law (as amd. by Laws of 1922, chap. 430)* has no application to the transfer of the property under this deed of trust.

The fourth and fifth grounds of appeal are overruled except as allowed by me under the second ground of appeal above. Both the life estate to the daughter and the remainder must be taxed as therein set forth.

The memorandum submitted by the trustees states that, since the entry of the taxing order, additional assets in this estate have been discovered. The report of the transfer tax appraiser will be remitted to him, therefore, for the purpose of correction in accordance with this opinion and in order that the entire estate of the decedent may be appraised in the one proceeding. Submit order accordingly.

* Since amd. by Laws of 1929, chap. 383.— [REP.