## CORLISS v. BOWERS, Collector of Internal Revenue.

District Court, S. D. New York.   January 9, 1929.

White & Case, of New York City (Joseph M. Hartfield and Russell D. Morrill, both of New York City, of counsel), for plaintiff.

Charles H. Tuttle, U. S. Atty., of New York City (Samuel C. Coleman, of New York City, of counsel), for defendant.

MACK, Circuit Judge. Motion to dismiss complaint in an action to recover income taxes collected pursuant to section 219 (g) and (h) of the Revenue Act of 1924, 43 Stat. 277 (26 USCA § 960, note).

The complaint sets forth that in 1922 plaintiff established a "bona fide" trust of personalty, the income to be paid to his wife, with remainders over for his children. The instrument reserved to the settlor full control over the trust investments and provided:

"Notwithstanding anything to the contrary herein contained, the party of the first part may, from time to time, during the continuance of the trust by instrument in writing and acknowledged * * * modify or alter in any manner, or revoke in whole or in part, this indenture and the trusts then existing, and the estates and interests in property hereby created, and in case of such revocation said instrument shall direct the disposition to be made of the trust fund * * * and no one shall have any right, interest or estate under this indenture except subject to the proper modification, alteration or revocation thereof."

The complaint further shows that during the year 1924 the net income from the trust, $124,325.97, was paid over to the wife, and that plaintiff was assessed in respect thereto $44,687.43. The action is to recover this sum paid under protest.

The relevant statutory provisions are:

"(g) Where the grantor of a trust has, at any time during the taxable year, either alone or in conjunction with any person not a beneficiary of the trust, the power to revest in himself title to any part of the corpus of the trust, then the income of such part of the trust for such taxable year shall be included in computing the net income of the grantor.

"(h) Where any part of the income of a trust may, in the discretion of the grantor of the trust, either alone or in conjunction with any person not a beneficiary of the trust, be distributed to the grantor or be held or accumulated for future distribution to him, or where any part of the income of a trust is or may be applied to the payment of premiums upon policies of insurance on the life of the grantor (except policies of insurance irrevocably payable for the purposes and in the manner specified in paragraph (10) of subdivision (a) of section 214), such part of the income of the trust shall be included in computing the net income of the grantor."

The sole issues in this case are whether the statutory provisions are constitutional, and, if so, whether they may constitutionally be applied to trusts created before their passage.

Under the Revenue Acts before that of 1924, there had been doubt and confusion as to whether the income from revocable trusts was taxable to the settler or the beneficiary. Originally the settlor was held taxable; this administrative practice was reversed, pursuant to an opinion by Solicitor Mapes of the Treasury Department (Cum. Bull. 1-2, p. 5, L. O. 1102). After the decision in Stoddard v. Eaton (D. C.) 22 F.(2d) 184, the department returned to its original practice. The Stoddard Case is greatly limited by Warden v. Lederer (D. C.) 24 F.(2d) 233.

Meanwhile the committees of Congress, in framing the 1924 Revenue Act sought, as the

reports of both bodies said, "to prevent the evasion of taxes by means of estates and trusts." The report of the Senate Finance Committee also said:

"The creation of a revocable trust constitutes nothing but an assignment of the right to future income. Since such an assignment does not operate to decrease the taxable income of the assignor, the creation of a revocable trust should not so operate, but the income of such trust should be included in the income of a grantor. The bill so provides."

■ It is properly conceded that the first sentence of the quotation from the Senate report is not a technically correct statement of the law. The creation of a revocable trust vests in the beneficiary a present estate in all respects valid until the power of revocation is exercised. Jones v. Clifton, 101 U. S. 225, 25 L. Ed. 908; Van Cott v. Prentice, 104 N. Y. 45, 10 N. E. 257. Bing v. Bowers (D. C.) 22 F.(2d) 450, a case within the language of the quotation, illustrates the incorrectness of the quotation with respect to the present case. It was there held that a transfer of the right to 'the net proceeds of future rents from realty owned by and under the control of the donor was nothing but an assignment of the right to receive future income. Here the income arose from property equitably owned for life by the beneficiary; this income came immediately into her possession through the hands of the trustee. Plaintiff therefore argues that the holding in Eisner v. Macomber, 252 U. S. 189, 40 S. Ct. 189, 64 L. Ed. 521, 9 A. L. R. 1570, that Congress cannot constitutionally tax as income what is not in law income, logically implies that Congress cannot tax as plaintiff's income what is not his but his wife's income.

The Macomber Case, however, is not authority for the proposition which plaintiff asserts. There Mr. Justice Pitney (page 207 [40 S. Ct. 193]) says:

"Here we have the essential matter: *Not a gain accruing to capital, not a growth or increment* of value in the investment; but a gain, a profit, something of exchangeable value *proceeding from* the property, *severed from* the capital, however invested or employed, and *coming in,* being *'derived,'* that is, *received* or *drawn by* the recipient (the taxpayer) for his *separate* use, benefit and disposal; *that* is, income derived from property."

But the context and the italicization show that the emphasis was not at all upon that part of the sentence which would be relevant here. The decision merely holds that, since the power given by the Sixteenth Amendment was to tax income, only income could be taxed; there was no occasion to decide, and there was no decision, as against whom the income could be taxed. Regardless of whether or not the Solicitor of the Treasury Department was properly influenced by Eisner v. Macomber in interpreting a doubtful statute, it is not a precedent on the present question of constitutionality.

It is abundantly clear from its legislative history that Congress passed the 1924 statute in order to prevent taxpayers from evading the surtaxes. The progressive rate is one of the vital features of the present system of income taxation. If income-producing estates could be parceled out among donees having incomes, in such a way that the donor paid no tax, although he retained full powers of control and recapture, the surtax would be deprived of efficacy, and the income tax thereby greatly limited, despite the fact that a tax at the basic rate would still be collectible.

■ It is not contended that the power to lay an income tax enables Congress to pass *every* statute necessary to an efficient functioning of the income tax law in all its aspects. Just as the doctrine of Purity Extract Co. v. Lynch, 226 U. S. 192, 33 S. Ct. 44, 57 L. Ed. 184, has its limits in the field of the police power (Weaver v. Palmer Bros. Co., 270 U. S. 402, 46 S. Ct. 320, 70 L. Ed. 654), so, too, the correlative doctrine in the field of taxation has its limitation (Schlesinger v. Wisconsin, 270 U. S. 230, 46 S. Ct. 260, 70 L. Ed. 557, 43 A. L. R. 1224). But, within limits, Congress concededly has power to "prevent evasion and give practical effect to the exercise of admitted power." Nichols v. Coolidge, 274 U. S. 531, at page 542, 47 S. Ct. 710, 713 (71 L. Ed. 1184, 52 A. L. R. 1081). In my judgment, Congress remained within these limits when it taxed income to the settlor under the present circumstances.

The New York Court of Appeals rightly characterized the income from a revocable trust as proceeding from his bounty and subject to his control. Van Cott v. Prentice, supra, 104 N. Y. pages 52, 53 (10 N. E. 257). Such a trust may in New York be reached by creditors (section 145 of Real Property Law [Consol. Laws, c. 50]), probably even when it is a trust of personalty. The trust property may, of course, by a proper instrument be sold by the settlor, or the income therefrom transferred before its accrual to a third person, such acts being implied assertions of his unqualified right to repossession. In the present case, taxpayer expressly reserved unfettered power to sell and deal with the securities in the corpus of the trust; this would

in any event have been possible by the exercise of his power of revocation. Income arising from property so completely subject to the settlor's needs and wishes may properly be taxed to him, in order to effectuate the purposes of the surtax provisions. The pleader's conclusion that the creation of the trust herein involved was "bona fide" may be disregarded, for, in so far as it means anything, it means that the settlor had in view other purposes than reduction of his tax liability. This does not alter the fact that the purpose of the surtax provisions are set at naught by the revocable trust.

■ It is contended that, even if a statute antedating the creation of a trust can constitutionally tax to the settlor the income accruing therefrom, a statute imposing such a tax, passed after the creation of the trust, although within the year when the income accrued, is unconstitutional. Certain decisions under the estate tax may seem by analogy to support the contention. Nichols v. Coolidge, supra, held invalid an estate tax under a 1919 statute (40 Stat. 1057) upon an interest coming into possession and enjoyment upon the settlor's death in 1921 by virtue of a deed of trust given in 1907. This case was followed by the Court of Appeals for the Second Circuit in Farmers' Loan & Trust Co. v. Bowers, 29 F.(2d) 14, decided November 12, 1928, as to an interest under a trust subject, until the settlor's death, to revocation by the joint act of himself and the trustee. It has likewise been held in the state courts, which, however, are confined within narrower constitutional limitations, that the transfer tax is not validly applicable to interests passing at death under revocable trusts created before the passage of the taxing statute. Matter of Miller, 236 N. Y. 290, 140 N. E. 701; Matter of Carnegie's Estate, 203 App. Div. 91, 196 N. Y. S. 502; Id., 236 N. Y. 517, 142 N. E. 266. But an exception is made as to revocable trusts, in which not even a defeasible present estate had been enjoyed in possession by the beneficiaries before the settlor's death, though they had taken a vested interest before the taxing statute. Matter of Schmidlapp, 236 N. Y. 278, 140 N. E. 697.

But these cases are not in point for several reasons. In the first place, the decision of Nichols v. Coolidge does not condemn all retroactive taxation, but only such as imposes an arbitrary burden upon the taxpayer. The tax here under consideration does not involve any features of arbitrariness in valuation or otherwise; moreover, the settlor had the unrestricted power to shift the tax to the recipient of his bounty, unlike the situation in the Farmers' Loan & Trust Case.

In the second place, Reinecke v. Northern Trust Co. (Jan. 2, 1929) 49 S. Ct. 123, 73 L. Ed. ——, and Saltonstall v. Saltonstall, 276 U. S. 260, 48 S. Ct. 225, 72 L. Ed. 565, hold that a taxing statute is not retroactive, although enacted after the creation of the trust, if the trust remains revocable by the settlor after the statute becomes effective. These cases, however, might be distinguished on their facts, because in them, unlike the instant case, the beneficiaries did not come into actual enjoyment of the property until after the expiration of the settlor's life estate and the enactment of the statute. As to this, see Matter of Schmidlapp, supra.

In the third place, holdings that a statute imposing a tax upon the privilege of transferring the corpus of a trust must antedate the transfer carry no implications that a statute imposing a tax upon the current year's income of a trust created before the statute is subject to the objection of retroactivity.

Motion to dismiss granted.