## In the Matter of the Estate of STELLA RADE.

Surrogate's Court, New York County, October 28, 1929.

*Wollman & Wollman* [*Aaron B. Coleman* of counsel], for the appellant John Rade.

*Charles A. Curtin,* for the respondent Department of Taxation and Finance.

FOLEY, S. The appeal from the order fixing the transfer tax taken by John Rade, the husband of the decedent, will be disposed of as follows: (1) The first ground of appeal will be sustained in

part. The decedent — the wife — died on December 29, 1927. Under the terms of the trust deed the husband, as survivor, became entitled upon the death of the decedent to the additional one-half of the income of the trust for his life. The appraiser's supplemental report correctly fixed the taxable value of this secondary life estate, which became a taxable transfer under section 220 of the Tax Law, as amended, upon the death of the wife. (*Matter of Schmidlapp,* 236 N. Y. 278; *Matter of Dana Co.,* 214 id. 710, affg. 164 App. Div. 45; *Matter of Keeney,* 194 N. Y. 281.) Regardless of the original source of the securities or their original purchase by the husband, I hold that, by the terms and effect of the trust deed made by the husband and wife, the ownership at the time of the setting up of the trust was in them as tenants in common. (*Matter of McKelway,* 221 N. Y. 15; *Matter of Horler,* 180 App. Div. 608.) The deed of trust was evidently executed to effectuate in a more careful legal way the previous conduct of the parties in the maintenance of a joint bank account and of co-ownership of the securities with a right of survivorship. The ownership of the wife in an undivided one-half of the securities immediately prior to the conveyance was recognized and confirmed by the provision for the payment to her of one-half of the income by the trustee. The order fixing tax, however, erroneously directed the temporary taxation of the entire trust fund as against the trustee. The interest of the decedent in the securities originally transferred by the trust deed, which became taxable at her death, was only one-half of the fund. (*Matter of Winters,* 135 Misc. 258; *Matter of Dunlap,* 205 App. Div. 128, affg. 115 Misc. 580.) The appeal is sustained, therefore, to the extent of reducing the fund to be temporarily taxed from $41,040.25 to one-half of that amount. The remaining half, which represents the contribution of the husband to the trust fund, will become taxable at the date of his death. (2) The second ground of appeal is overruled. No part of the trust fund sought to be taxed here is legally subject to or chargeable with the debts or administration expenses. These charges can only be satisfied out of the individual property of the decedent. The debts and administration expenses cannot be allowed in excess of the amount of the general estate. The abated allowance for deductions made by the appraiser was, therefore, correct. (3) The third ground of appeal is sustained. The trustee's commissions should be allowed as a deduction in the computation of the transfers arising from the effect of the trust deed.

Submit order on notice modifying the order fixing transfer tax accordingly.