[Civ. No. 135. Third Appellate District.—February 15, 1906.]

ALICE TOWNSEND, Administratrix of Estate of NANCY CARPENTER, Deceased, Respondent, v. DANIEL W. SULLIVAN, Appellant.

ACTION FOR MONEY PAID BY ADMINISTRATOR OF COSURETY—RELEASE OF MORTGAGE—ADMISSIONS OF PLEADINGS—ISSUES UPON LEGAL CONCLUSION—DENIAL OF NONSUIT.—In an action to recover money paid by plaintiff administrator for her intestate as cosurety on a note of defendant as principal debtor, which two sureties signed at his request, it appearing that the note was paid by plaintiff to release a mortgage given by the intestate as additional security for such note, which the defendant failed and refused to pay, where the answer admitted the facts constituting the cause of action, and the alleged relation of principal and surety, and his liability for the amount paid by the administrator was a legal conclusion from the facts admitted, denials and averments in the answer contradicting such legal conclusion created no issues; and where plaintiff introduced the note and mortgage, and proved payment by himself of the note, a motion for a nonsuit for insufficiency of the evidence, and for nonjoinder of the other surety as defendant, was properly denied.

ID.—NEW DEBT AGAINST PRINCIPAL—LIABILITY OF PRINCIPAL TO ADMINISTRATOR OF SURETY.—The original debt being that of the principal, on its payment by the administrator of the estate of the intestate surety, to relieve the estate from liability, and the property of the estate from the mortgage lien, an entirely new and

distinct debt due from the principal to the surety was created, and the defendant became liable to the estate for the full money paid, with interest at the legal rate.

ID.—PARTIES—ESTATE OF COSURETY.—The admitted fact that there was another cosurety with the plaintiff's intestate on the joint note, paid by the plaintiff, as administrator, does not make the estate of such cosurety a necessary party to the action.

ID.—INCONSISTENT AMENDMENT TO ANSWER—GIFT OF DEBT BY SURETY —DISCRETION PROPERLY EXERCISED.—The court properly exercised its discretion in refusing to allow the defendant to amend his answer at the trial by an inconsistent amendment, averring that the plaintiff's intestate had made him a gift of the principal debt, which was in irreconcilable conflict with the admission that the principal debt was a loan procured by him from a third person for his express use and benefit. So long as the obligation of the defendant on his note to repay the loan endured, there could be no such thing as a gift to him of his debt by a surety.

ID.—EVIDENCE—DECLARATIONS OF INTESTATE—GIFTS.—Evidence of the declared intention of the intestate's surety to make the principal debtor a gift of the money and to assume payment of the debt as principal was properly excluded, both as being inconsistent with the admissions in the pleadings and also as being an attempt to vary the clear and precise tenor of a written contract by parol evidence.

ID.—MORTGAGED PROPERTY—IMMATERIAL EXTENT OF INTESTATE'S INTEREST—EVIDENCE—INVENTORY OF ESTATE OF COSURETY.—Where it appeared that the intestate mortgagor had an interest in the property mortgaged by her, the extent of that interest is immaterial; and the inventory and appraisement of the estate of the deceased cosurety is not admissible to show an additional interest of that estate in the property mortgaged.

APPEAL from a judgment of the Superior Court of Siskiyou County, and from an order denying a new trial. J. S. Beard, Judge.

The facts are stated in the opinion of the court.

J. H. Magoffey, for Appellant.

O'Neill & Butler, and Gillis & Tapscott, for Respondent.

McLAUGHLIN, J.—In the complaint in this action it was in substance alleged: That on February 27, 1900, the defend-

ant obtained from N. H. Eddy the sum of $1,500 as a loan for his exclusive use and benefit. That to evidence and secure said indebtedness and its repayment, said defendant procured plaintiff's intestate to join him in the making of a promissory note signed by defendant and James and Nancy Carpenter. That to further secure said indebtedness, said intestate, at the special instance and request of said defendant, and for his exclusive use and benefit, executed and delivered to Eddy a mortgage on real estate owned by her. That the defendant never paid any part of said debt save certain specific sums mentioned. That said Nancy Carpenter died intestate, and that plaintiff was appointed and, in due time, qualified as administratrix of her estate. That defendant refused to pay the note or procure the discharge of the mortgage, and plaintiff was compelled to pay the sum of $1,700 due on said note in order to procure such discharge. That plaintiff requested defendant to repay the said sum to said estate, but he refused to pay any portion thereof. The answer, by failure to deny the averments of the complaint in this regard, admits that the defendant obtained the money as a loan for his exclusive use and benefit, and that the note and mortgage given to evidence and secure such indebtedness were likewise executed for his use and benefit. The only denial in this behalf is confined to a traverse of the allegation that defendant procured said intestate to join him in making the note, and that she did so for the purpose of securing his indebtedness. Coupled with this form of denial is an affirmative allegation that "said Nancy Carpenter assumed said indebtedness, and became the principal maker upon said promissory note, and defendant became a surety on said promissory note as between him and said Nancy Carpenter." There is no denial touching the execution, delivery, or purpose of the mortgage. The only assault made on the averments in this behalf is to the effect that the intestate was not the sole owner of the mortgaged premises, but was a joint owner thereof with James Carpenter. The averments touching payments made on the note are not denied, but defendant "denies that as between the parties to this action and Nancy Carpenter, on the second day of July, 1904, there was due and unpaid from said defendant to N. H. Eddy on said note, the principal sum thereof and the interest amounting to $1,700," and further "denies that as between the parties to this action or Nancy

Carpenter there was due upon said second day of July, 1904, or at any time, any sum from said defendant to N. H. Eddy.'' There is no attempt to deny that plaintiff paid the note, but there is a denial of the legal conclusion that such payment was made for the use and benefit of defendant. Upon the trial the plaintiff introduced the note and mortgage, together with evidence to prove the payment of the note by plaintiff, and then rested. Thereupon a motion for a nonsuit, based on the insufficiency of the evidence, and the nonjoinder of James Carpenter as a party defendant, was made and denied. The defendant, after a preliminary question had been asked and answered, for the evident purpose of meeting a belated objection, which was sustained, asked leave to amend the answer by inserting at the end of the first paragraph the following averment, to wit: ''And defendant became a surety on said promissory note as between him and Nancy Carpenter, and said Nancy Carpenter gave to defendant the money received on said promissory note as a gift.'' Permission was granted as to the first clause, and denied as to the concluding cause relating to a gift. The defendant then offered evidence touching conversations had with Nancy Carpenter at the time of the execution of the note and mortgage, and subsequent thereto, but objections to such evidence were sustained. Defendant appeals from the judgment against him and from an order denying his motion for a new trial.

The court did not err in its ruling on the motion for a nonsuit. It being admitted that the defendant obtained the loan for his own exclusive use and benefit, and that the note was executed to ''evidence and secure to N. H. Eddy said indebtedness and its repayment,'' there can be no doubt as to the legal relation existing between the makers of the note. And it being also admitted that the mortgage executed at defendant's request was for his sole use and benefit, and was an hypothecation of real property owned by his comakers jointly, as further security for the payment of such indebtedness, the case falls squarely within well-settled rules of law constituting the defendant the principal debtor, and his comakers sureties for the payment of his debt. (Civ. Code, sec. 2831; Bouvier's Law Dictionary (Rawle's Revision), p. 1073; Brandt on Suretyship, secs. 1, 2, 38; Randolph on Commercial Paper, sec. 897 et seq.; 27 Am. & Eng. Ency. of Law, p. 431 et seq.; 1 Am. & Eng. Ency. of Law, p. 334 et seq.; *Montgomery*

v. *Sayre,* 91 Cal. 207, [27 Pac. 648]; *O'Conor* v. *Morse,* 112
Cal. 34, 53 Am. St. Rep. 155, [44 Pac. 305].) The relation
of principal and surety, and defendant's liability for the
amount paid by the administrator of the estate of one of his
sureties, follow as conclusions of law from the facts admitted,
and the denials and averments in the answer to the contrary
created no issues. (*Ohm* v. *San Francisco,* 92 Cal. 449, 450,
[28 Pac. 580]; *Callahan* v. *Broderick,* 124 Cal. 83, [56 Pac.
782].) The debt was his, and when it was paid by the ad-
ministrator to relieve the estate from liability, and the prop-
erty of the estate from the mortgage lien, an entirely new and
distinct debt, due from principal to surety, was created, and
the defendant became liable to the estate for the full sum
paid with interest at the legal rate. (27 Am. & Eng. Ency.
of Law, p. 486 et seq.; Brandt on Suretyship, sec. 229; Ran-
dolph on Commercial Paper, secs. 978, 979; *Ryland* v. *Com-
mercial etc. Bank,* 127 Cal. 526, [59 Pac. 989].) It clearly
appears from the admitted facts that James Carpenter was
also a surety, and this being true, his estate was not a neces-
sary party to the action. (Brandt on Suretyship, 229; *Ry-
land* v. *Commercial etc. Bank,* 127 Cal. 526, [59 Pac. 989].)

The court did not abuse its discretion in refusing to permit
the amendment above mentioned. It was a belated attempt
to introduce an entirely new element into the case, and there
were many cogent reasons why such an amendment, in this
particular connection and form, was properly disallowed.
It was incomplete and incongruous, and, viewed in the light
of the preceding clauses, was an averment of the impossible.
If that portion of the amendment which was allowed was
true, then the part rejected could not be true. It is impos-
sible to conceive how the intestate could have been the donor,
and the defendant the donee, of money obtained by the latter
as a loan, under the circumstances disclosed by the record.
If money so obtained can, under any state of facts, be treated
as a gift from a third party to the borrower, it can hardly
be considered as such when the borrower and the alleged donor
have given their joint and several promise to return or
repay the sum received. The idea that the defendant
could be obligated, either as principal or surety, to repay
money received by him as a gift involves a contradiction. An
obligation to return or repay the thing received is irrecon-
cilably in conflict with the theory of a gift. While defend-

ant's obligation to repay the money endured there could be no such thing as a gift. He could not be released from such obligation without the consent of Eddy, and a complete change of the contractual relations evidenced by the written contract. Therefore, if it be conceded that such a release could be classed as a gift, there was no hint of any such change, release, or transfer in the offered amendment. A gift was impossible under the conditions disclosed by the pleadings at the time the amendment was offered. (Civ. Code, secs. 1146, 1147; *Hart* v. *Ketchum*, 121 Cal. 429, [53 Pac. 931]; *Knight* v. *Tripp*, 121 Cal. 679, [54 Pac. 267]; *Pullen* v. *Placer County Bank*, 138 Cal. 175, [94 Am. St. Rep. 19, 66 Pac. 740, 71 Pac. 83].) If such conditions had changed, the defendant should have removed the conclusion embodied in the rejected amendment from the realm of the impossible by stating the substantive facts which would make a legal gift possible. The evidence relating to the intestate's declared intention to make a gift of the money and to pay the note and mortgage herself was properly rejected. So far as such evidence related to a gift, it was not only contrary to the facts admitted, but was an attempt to vary the clear and precise terms of a written contract by parol. (Civ. Code, secs. 1698, 1639; Code Civ. Proc., sec. 1856; *Adams* v. *Wallace*, 119 Cal. 70, [51 Pac. 14].) Courts are not bound to admit evidence supporting admissions in the pleadings, and her expressed intention to pay the note amounted to no more than an expression of intention to perform the legal duty resulting from her express promise. If the rejected evidence was offered for the purpose of showing that the intestate intended to make a gift of the money, and to consummate such intention by paying the note and relieving defendant from his obligation, it was clearly inadmissible. (Civ. Code, secs. 1146, 1147; *Knight* v. *Tripp*, 121 Cal. 679, [54 Pac. 267].)

It being admitted that the intestate had hypothecated real property in which she had an interest, the extent of that interest was entirely immaterial. For this, as well as other reasons, the inventory and appraisement filed in the estate of James Carpenter was properly excluded. The findings are supported by the evidence.

The judgment and order are affirmed.

Chipman, P. J., and Buckles, J., concurred.