<hr/>

## SNAVELY v. HENDERSON.

### (Circuit Court of Appeals, Eighth Circuit. April 25, 1913.)

### No. 3,842.

#### (Syllabus by the Court.)

GIFTS (§§ 15, 49*)—INTER VIVOS—ESSENTIALS—SUFFICIENCY OF EVIDENCE.

A clear and certain intention of the alleged donor at once and forever to divest himself of his property is indispensable to a valid gift inter vivos. Evidence considered, and *held* insufficient to overcome a finding of the court below that the delivery of money by a mother to a son constituted a loan, and not a gift.

[Ed. Note.—For other cases, see Gifts, Cent. Dig. §§ 14, 95–100; Dec. Dig. §§ 15, 49.*]

Appeal from the District Court of the United States for the District of Nebraska; Thomas C. Munger, Judge.

Action by Thirza Henderson against Edgar F. Snavely, trustee, etc. From a decree of the District Court, affirming an allowance by the referee of plaintiff's claim against the estate of Roscoe E. Henderson, who was adjudged a bankrupt, defendant appeals. Affirmed.

Elmer W. Brown, of Lincoln, Neb. (Burkett, Wilson & Brown, of Lincoln, Neb., on the brief), for appellant.

C. J. Campbell, of Lincoln, Neb. (George W. Berge, of Lincoln, Neb., on the brief), for appellee.

Before SANBORN, Circuit Judge, and WILLIAM H. MUNGER and TRIEBER, District Judges.

SANBORN, Circuit Judge. This is an appeal from a decree of the District Court which affirmed the allowance by the referee of a claim of Thirza Henderson for $2,500 against the estate of Roscoe E. Henderson, her son, who was adjudged a bankrupt in the year 1909. These facts were conclusively established by the evidence:

About June 24, 1907, Henderson, who was a young man without

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

much experience in business, formed a partnership with Holger Hald in the jewelry business, whereby Henderson was to contribute $2,500 capital and Holger Hald his knowledge, experience, and services. During that summer Henderson solicited and obtained from his mother $2,500, which he put into the partnership business. Nothing was said between him and his mother at the time he obtained this money about his paying it back, nor about her giving it to him. In January, 1908, he asked and obtained from her $500 more, and she then inquired of him when he could pay back the $2,500, and he said that he did not know when he could do so, but he thought he could some time. She subsequently spoke to him about his paying it back, and every time she mentioned it he told her he would do so, and never claimed to her that she had given it to him. Mrs. Henderson testified that she never gave it to him.

The finding of the referee and the court below that the transaction described by this evidence was a loan is sustained by the facts which have now been recited. But counsel for the trustee seek to reverse it on the ground that it was a gift. The facts on which they rely are these:

About a month after Mrs Henderson filed her claim for this $2,500. Mr. Snavely, the trustee in bankruptcy of Henderson's estate, went to the town where Henderson was found, took him to a hotel, caused an attorney to come there, induced Henderson to think that the fact that he had made a statement to R. G. Dun & Co. in which he did not include any indebtedness to his mother was a serious matter, and suggested that he make an affidavit, which the attorney dictated. At the suggestion of Mr. Snavely, Henderson wrote the affidavit dictated by the attorney, and stated in that affidavit, pursuant to that dictation, that at the time his mother let him have the $2,500 no notes were taken, nothing was said about payment or time of payment, that he regarded the money as a gift at that time, that when he subsequently asked her for $500 more she said, "When do you think you can begin to pay back the $2,500?" that he did not know that she expected payment until she asked that question, that nothing had been said about paying it back prior to that time, but that he answered that he could not tell exactly when he could pay it, but he thought he could pay it back some time. Henderson's subsequent testimony in the case corresponded with the statements he made in this affidavit. Mrs. Henderson did not include this credit of $2,500 due from her son in her returns of her assessable property for taxation. Hald testified that when the partnership was formed Henderson told him that his mother would give him the $2,500. Nothing was said between Mrs. Henderson and her son about interest. She has never claimed any and Henderson testified that when, in January, 1908, he asked for $500 more, she said that she did not want to put any more money into the business.

But it is the intention of the alleged donor to give away his property, not the intention of the alleged donee, or his hope or belief, that conditions a valid gift. The clear and certain intention of the donor presently and forever to part with his property is indispensable to such a gift. Allen-West Commission Co. v. Grumbles, 129 Fed. 287, 290, 63 C. C. A. 401, 404; 30 Cyc. 1194; Jones v. Falls, 101 Mo.

App. 536, 73 S. W. 903, 905. The finding of the referee and of the court below that Mrs. Henderson never had such an intention is presumptively right, and a review of the evidence in this case in the light of the arguments and briefs of counsel sustains it.

The decree of the District Court is therefore affirmed.