[Civ. No. 2992.  First Appellate District, Division One.—September 4, 1919.]

## WILL D. GOULD, Executor, etc., Appellant, v. E. B. VAN HORNE, Respondent.

[1] GIFTS—INTENT OF DONOR—FINDING—EVIDENCE.—In this action to recover a sum of money alleged to be due from defendant to the estate of plaintiff's testate, there was sufficient evidence to support the finding of the trial court to the effect that it was the testate's intent to make an absolute gift of the money to defendant.

[2] ID.—PAYMENT OF INTEREST — RETURN OF PART OF PRINCIPAL — ORIGINAL INTENT NOT DEFEATED.—Where such intent to make an absolute gift existed, it would not be defeated by the further fact that the donor required of the donee that he pay her interest on the sum given during her lifetime, nor even by the fact that he gave her back some of the principal at her request.

[3] ID.—ADMISSIBILITY OF DECLARATIONS OF DONOR.—In determining the intent of the donor, declarations made by her both before and after the transaction are admissible as tending to show a gift.

APPEAL from a judgment of the Superior Court of Los Angeles County.  John W. Shenk, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Will D. Gould, *in pro. per.,* James H. Blanchard and Bordwell & Mathews for Appellant.

George Beebe and J. Marion Wright for Respondent.

---

1.  What constitutes good gift of debt of donee, note, Ann. Cas. 1915A, 18.

RICHARDS, J.—This is an appeal from a judgment in favor of the defendant in an action brought by the plaintiff as executor of the last will and testament of Mary M. Shaw, deceased, to recover the sum of $17,250.66, alleged to be due from said defendant to the estate of said deceased upon his promissory note. The defendant's amended answer set up that there was no consideration for said note, and further set forth the circumstances under which the note had been signed as the basis for the defendant's claim that it was executed under a mutual mistake of the parties.

The facts of the case as developed at the trial are substantially these: In the month of April, 1911, Mary M. Shaw was and for some years prior thereto had been a woman of considerable means residing in Los Angeles; the defendant had, during such time, been a real estate and general business agent in said city, and as such had been looking after the business interests of said Mary M. Shaw, who had come to have great confidence in him and to display a strong liking for him. For some time prior to the month of April, 1911, said Mary M. Shaw had signified to the defendant and said to other persons that she intended to make a gift to the defendant of the sum of twenty thousand dollars, which sum was to be derived from the collection of one of her outstanding mortgages when the same should be paid. On a certain day in April, 1911, she came into the defendant's office with a check for the full amount of said mortgage, together with about $700 in interest, and handed the check to the defendant, saying, "Van, here is that check that I have been waiting for some time to give you; everything has been paid off and I want you to take it." She also stated to several other people about the office at the time that she was giving the defendant the money outright as a gift, and also gave as a reason therefor that she thought as much of him as she would of a son, and that he had done as many things for her as a son could do, and that her relations would get everything she had after she died and were just waiting for her to die. At various times thereafter up to the time she did die in the year 1913 she repeated these statements to various persons. The evidence also showed that at the time she handed the check to the defendant she refused to take any writing from him upon the ground that it was his money, but said that she would like him "to pay interest on it during her lifetime,

and if she wanted any additional sums at any time she needed it I would take and advance it to her.'' The record shows that from time to time thereafter the defendant gave the decedent sums of money, and particularly shows that she asked the defendant for some money in the year 1912, and that he then paid her the sum of one thousand dollars, and at the time of doing so had her sign a receipt drawn by himself showing that of the sum then paid $646.25 was the interest up to May 24, 1912, and $353.75 was to be applied upon principal, leaving $16,646.25 yet due on principal. Upon the death of Mary M. Shaw the plaintiff herein, who had been her attorney for a number of years and who was named in her will as her executor, was duly appointed as such upon the probate of her will, and after qualifying as such executor had an interview with the defendant with respect to this money, which he asserted was an asset of the estate and for which he threatened to bring suit unless. the defendant would execute a note to the estate for the balance claimed to be due. The defendant protested that the decedent had made a verbal gift to him of the money, but the executor stated that he was legally liable for it "by reason of the fact that the defendant had no writing to show," and also on account of the existence and terms of the receipt above referred to. The defendant, who had known the plaintiff as an attorney and personally for many years and had much confidence in his ability and integrity, and who also did not wish to be sued, finally signed the note which forms the basis of this suit. Upon the trial of the case the defendant and his witnesses testified to the foregoing state of facts. The trial court made its findings in conformity to the foregoing facts, and rendered its judgment accordingly in the defendant's favor.

[1] The plaintiff, upon this appeal, urges three main grounds for a reversal of the case. The first of these is that the facts as shown are insufficient to support the finding of a gift *inter vivos* to the defendant, but at most are merely evidence of an intent on the part of the deceased to make a gift to take effect upon her death. Much of the appellant's argument upon this point is devoted to a discussion of the weight of the evidence, but as to this we think that there was sufficient evidence, if believed by the court, to sustain its finding to the effect that it was the donor's intent to make

an absolute gift of the money in question to the defendant. **[2]** If such was her intention it would not be defeated by the further fact that she required of the defendant that he pay her interest on the sum given during her lifetime, nor even that he give her back some of the principal, if desired. (*Robertson* v. *Robertson,* 147 Ala. 311, [10 Ann. Cas. 1051, 3 L. R. A. (N. S.) 774, 40 South. 104]; *Goodrich* v. *Rutland etc. Bank,* 81 Vt. 147, [17 L. R. A. (N. S.) 181, 69 Atl. 651]; *Doty* v. *Willson,* 47 N. Y. 580; *Young* v. *Young,* 80 N. Y. 422, [36 Am. Rep. 634]; *Miller* v. *Western College etc.,* 177 Ill. 280, [69 Am. St. Rep. 242, 42 L. R. A. 797, 52 N. E. 432].)

**[3]** The appellant incidentally urges an objection to the testimony of certain witnesses as to subsequent declarations of the decedent as to her intention in giving the defendant the money in question; but this objection has no merit since it is well settled that in determining the intent of a donor declarations made by her both before and after the transaction are admissible as tending to show a gift (*Calkins* v. *Equitable B. & L. Assn.,* 126 Cal. 531, [59 Pac. 30]; *Estate of Hall,* 154 Cal. 527, [98 Pac. 269]; *Helm* v. *Martin,* 59 Cal. 57).

The final contention of the appellant is that the trial court erred in permitting the plaintiff while upon the witness-stand to be asked in cross-examination, over the plaintiff's objection, the following question: "Would you have gotten Mr. Van Horne to sign this note, plaintiff's Exhibit 1, if you had been in possession of the facts which you now have?" The witness answered "No." While it seems to be conceded that the question was improper, it is to be noted that the case was on trial before the court sitting without a jury, and that the testimony of the defendant and his several witnesses as to the circumstances attending the gift was without contradiction; and hence that the trial court if he believed this testimony had abundant evidence before him to sustain his findings regardless of what the mental attitude of the plaintiff, either before or after the institution of the action, might be. Under such conditions we do not think that the error, if such it be, sufficiently prejudicial to justify a reversal of the case.

Judgment affirmed.

Bardin, J., *pro tem.,* and Waste, P. J., concurred.