[Civ. No. 4109.    First Appellate District, Division One.—January 18, 1922.]

F. C. CASTELHUN, as Executor, etc., Appellant, v. THE SAN FRANCISCO SAVINGS & LOAN SOCIETY (a Corporation), Respondent.

[1] GIFTS—ELEMENTS.—The elements essential to constitute a valid gift are an intention to give, and the delivery, either actually or symbolically, of the thing intended to be given.

[2] ID.—DEATH OF DONOR — SUBSEQUENT ASSERTION OF GIFT — EVIDENCE.—Where a gift is not asserted until after the death of the donor, every element necessary to constitute the gift must be sustained by explicit and convincing evidence.

[3] ID.—SAVINGS BANK DEPOSIT—INSUFFICIENT EVIDENCE OF GIFT.— A gift of money on deposit in a savings bank is not established after the deaths of both the alleged donor and donee, notwithstanding the pass-book was found among the effects of the donee, where it was shown that subsequent to the alleged delivery of the book, the donor on two occasions personally presented the book at the bank and withdrew money from his account and that the donee made no claim upon the bank until a month after the death of the donor and over two years subsequent to the date of the alleged gift.

———

3. What amounts to gift of money on deposit in bank, note, 23 Am. Rep. 451.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George A. Sturtevant, Judge. Affirmed.

The facts are stated in the opinion of the court.

F. J. Castlehun for Appellant.

Goodfellow, Eells, Moore & Orrick for Respondent.

TYLER, P. J.—This action was brought by F. C. Castelhun, as executor of the last will of one Benedict Engler, to recover from defendant the sum of $3,988.82, the amount of a savings bank deposit which appeared, upon the books of defendant company, as being the property of one August Volpert. Plaintiff alleges in his complaint that Volpert had, in the latter part of April, 1917, made a parol gift of the same by delivering to Engler his pass-book covering the account. The trial court found that Volpert did not transfer the account or give the money to Engler as alleged, and rendered judgment in favor of defendant, and plaintiff appeals.

It is the claim of appellant that the evidence is contrary to and does not support the findings. It appears from the testimony of plaintiff himself that Volpert and Engler lived together, and that plaintiff was present at their home at Colma, San Mateo County, during the month of April, 1917, and that upon such occasion Volpert stated to him that he had given his pass-book covering the funds on deposit in respondent bank to Engler, who at that time had possession thereof. At this time plaintiff suggested to Volpert that in addition to the gift he had better make a will in Engler's favor, and upon Volpert giving his consent thereto, plaintiff subsequently prepared a will by the terms of which all of Volpert's property was left to Engler. This will was executed by Volpert on May 13, 1917. It further appeared in evidence that on March 12, 1919, Engler died, and that Volpert survived him about four months. At the time of Engler's death the pass-book was found among his possessions. Defendant, to disprove the claim of plaintiff that the evidence above recited showed a completed gift *in praesenti,* introduced testimony to the effect that on two occasions

after the alleged gift Volpert personally presented the passbook at respondent bank and withdrew money from his account. The withdrawals were made on August 27, 1917, and on December 28, 1917. On each of these occasions Volpert signed a receipt at the bank made out on a printed form for the amount of money he withdrew. Further evidence showed that the bank-book was presented to the bank on July 1, 1917, and again July 1, 1918, and dividend entries were made therein to the credit of Volpert, all of which acts occurred subsequent to the date of the alleged gift. Under these facts it is the claim of respondent that the evidence shows that there never was a completed gift *inter vivos* between the parties for the reason that Volpert never at any time surrendered dominion and control over the funds or provided the means to Engler to obtain control of the same.

It is further urged that the evidence fails to show that Engler ever accepted the alleged gift or exercised any acts of ownership over the same, but, on the contrary, that it does show that the entire transaction was testamentary in character and that Engler was to have become possessed of the money only upon the death of Volpert, who, having died first, the attempted gift failed. Appellant lays considerable stress on the fact that the pass-book was found among the effects of Engler upon his death, from which it is argued that a completed gift of the deposit is strongly indicated. Here the burden of sustaining the gift was upon plaintiff. (*Sullivan* v. *Shea*, 32 Cal. App. 369 [162 Pac. 925]; *Sprague* v. *Walton*, 145 Cal. 234 [78 Pac. 645].) **[1]** The elements essential to constitute a valid gift are an intention to give, and the delivery, either actually or symbolically, of the thing intended to be given. (*Humble* v. *Gay*, 168 Cal. 516 [143 Pac. 778].) **[2]** The rule is also established that where a gift is not asserted until after the death of the donor, every element necessary to constitute the gift must be sustained by explicit and convincing evidence. **[3]** The first demand made upon the bank by plaintiff to transfer the funds was in August, 1919, a month after the death of Volpert, and over two years subsequent to the time when it is claimed the gift was made. It must be conceded that Volpert intended that Engler should have the funds after his death, for his will conclusively establishes such intention. This

instrument, however, affords some evidence that the transaction was testamentary in character. The record discloses that the deposit in question was practically all the property that Volpert possessed, and the will expressly providing, as it does, for the payment of expenses incurred during the last illness of the deceased, and also for his funeral and other expenses, conflicts with the idea that he had practically disposed of his entire possessions. Nor does the fact, as claimed, that the pass-book was found among Engler's effects strongly support appellant's contention of a completed gift *in praesenti*. The parties had been living together, and Volpert had left his home and was taken to a hospital prior to the death of Engler, and the record is silent as to what disposition, if any, was made for the care and custody of his property. The fact that Engler never in his lifetime made claim upon the bank for the funds, or asserted any act of ownership over the same, necessitates explicit and convincing evidence that every element necessary to constitute a valid donation *inter vivos* existed. Here it is shown that Volpert, after the transaction, himself exercised acts of dominion and control over the deposit and drew against the same. The evidence in the case is limited, but the question of intent was one of fact to be determined, like other questions of fact, by the trial court upon all the evidence. Under the circumstances of the case we are of the opinion that the evidence sustains the finding that the entire transaction between the parties was of a testamentary character, and that Engler was to have become possessed of the funds only upon the death of Volpert. In view of the fact that Engler predeceased Volpert, transfer of the funds to Engler failed.

For the reasons given the judgment is affirmed.

Richards, J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 16, 1922.

All the Justices concurred.

Lennon, J., was absent and Richards, J., *pro tem.*, was not acting.