OPINION. ARündell, Judge: The problem presented here raises no novel question of law, but is distinguished only by reason of a somewhat unusual factual situation. Petitioner complied with all the forms necessary to create a valid trust for the benefit of herself for life and thereafter for her children. The trust instrument contained a power of revocation, subject to the unanimous approval of the three trustees, one of whom was a beneficiary under the trust. It is clearly shown, however, that the trustees, two of whom initiated the plan and drew up the instrument, realized that the purpose of the trust was merely to protect petitioner’s property against confiscation by the Germans, and in substance agreed to consent to a revocation of the trust after the emergency.. The requirement of unanimous consent by the trustees to revocation was inserted only as a further safeguard against the possibility of the use of force against petitioner to compel her to deliver her property over to Germany. Petitioner contends that this was not a gift in trust because two of the essential factors necessary for a gift are lacking, namely, the intention to make a gift and the surrender of dominion and control over the subject matter of the gift. It is settled that a transfer of property in trust where the power to revest title in the donor is reserved by the donor, either alone or in conjunction with another person not having an adverse interest in the disposition of such property, does not constitute a taxable gift, because the transfer is incomplete. Commissioner v. Prouty, 115 Fed. (2d) 331; Burnet v. Guggenheim, 288 U. S. 280; Sanford's Estate v. Commissioner, 308 U. S. 39; art. 3, Regulations 79, as amended by T. D. 5010, C. B. 1940-2, p. 293. Here the donor reserved a power jaf revocation, subject to the unanimous consent of the three trustees, one of whom, Jean Christophe Schwarzenbach, was a remainderman under the terms of the trust instrument. However, as has been said, the evidence shows beyond question that there was an agreement between petitioner and the three trustees that the latter would give their consent to revocation after the termination of the emergency which occasioned the creation of the trust. The situation was explained to Jean Christophe Schwarzenbach and he understood and agreed that he was to consent to withdrawals of principal by petitioner and to revocation after the danger of confiscation had passed. Petitioner did not lose control of her “gift,” nor did the trustees have possession of it free from a duty to return it to her after the accomplishment of the limited purpose for which the trust was established. Johnson v. Commissioner, 86 Fed. (2d) 710, affirming 33 B. T. A. 1003. The effect of this agreement on the part of all three trustees is, in our opinion, to place the power of revocation solely in the discretion of the grantor. Although by the terms of the instrument the exercise of the power depended upon consent by the trustees, the contemporaneous agreement bound them to give that consent. In these circumstances, it is apparent that petitioner did not surrender such control and dominion over the property as to result in a taxable gift. Furthermore, the evidence is most explicit in demonstrating that petitioner did not have that “clear and unmistakable intention * * * to absolutely and irrevocably divest * * * [herself] of the title, dominion and control of the subject matter of the gift, in praesenti * * *.” Adolph Weil, 31 B. T. A. 899; affd., 82 Fed. (2d) 561; certiorari denied, 299 U. S. 552. The purpose of the trust, the contemporaneous communications between the parties, and the subsequent withdrawals by petitioner in substantial amounts, all show that no gift was intended by petitioner. As stated in Richardson v. Smith, 102 Fed. (2d) 697: * * * It is of course always possible that the parties to a formal transaction, like a deed or a written contract, may agree between themselves that it shall not have the effect upon their rights or obligations which it purports to have, or indeed any effect whatever; that it shall be a sham, a fetch, a disguise. So in this case the transfer may in fact have been intended only to deceive the taxing authorities. It is not necessary that such a mutual understanding shall be explicit or verbal; it may be gathered from the conduct of the parties in a series of transactions, or in any other way. Johnson v. Commissioner, 2 Cir., 86 F. 2d 710. All that need appear is that the donor did not intend to divest himself of control over the res, that the donee knew of the donor’s intent and assented to it, and that the donor knew of the donee’s assent. If all this is fairly inferrable from the relations, the gift, however formal, is a sham; * * *. In this case the whole transaction was manifestly no more than a “sham, a fetch, a disguise” to deceive the German Government in case it should have come to a position where it could confiscate petitioner’s property. Respondent relies upon Herzog v. Commissioner, 116 Fed. (2d) 591. That case is readily distinguishable in that there the grantor retained no power of revocation and the benefit which he might have enjoyed under the trust rested completely within the discretion of the trustee. In this case the powers of withdrawal of principal and revocation, with the consent of the trustees, together with the understanding or agreement of the trustees to give that consent after the emergency had passed, present an entirely different situation. We hold, therefore, that the determination of the Commissioner was erroneous; that no part of the transfer in trust constituted a taxable gift; and that petitioner made an overpayment of tax in the amount of $6,027.45 within three years prior to the filing of the petition in this case, under the provisions of section 1027 of the Internal Revenue Code. Decision will be entered under Rule 50.