*Decisions will be entered under Rule 50.*

ESTATE OF JOHN EDWARD CONNELL, ALMA C. GAFFNEY, FRANK E. CONNELL AND J. EMMETT CONNELL AS EXECUTRIX AND EXECUTORS OF THE LAST WILL AND TESTAMENT OF JOHN EDWARD CONNELL, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 33463. Promulgated August 25, 1953.

*J. Ed. McClellan, Esq.,* for the petitioners.
*Robert G. Harless, Esq.,* for the respondent.

## OPINION.

BRUCE, *Judge:* Respondent disallowed deduction of the alleged debts of decedent (and interest thereon) represented by the notes in issue, explaining, "the liability was not contracted bona fide and for an adequate and full consideration in money or money's worth" and "that the transaction which brought into existence the notes here claimed as a deduction was a transfer within the meaning of section 811 (c) of the Internal Revenue Code."

The respondent on brief makes no argument with respect to section 811 (c), and it is our opinion that the matter may be disposed of without reference thereto.

The question thus to be decided is whether or not the alleged debts were contracted bona fide and for full consideration in money or

money's worth. Sec. 812 (b) (3), I. R. C.;[2] Regs. 105, secs. 81.29 and 81.36. If there was not a gift of money to the trustee in each transaction, petitioners concede there was at most a gift of the notes without consideration and therefore no deduction can be allowed. *Lang's Estate* v. *Commissioner*, 97 F. 2d 867; cf. *Preston* v. *Commissioner* (C. A. 2), 132 F. 2d 763; *Johnson* v. *Commissioner*, *infra*. If there were gifts of the money made, there was consideration for the notes, and the notes were deductible.

We must examine the acts of the alleged donor to determine whether there was a bona fide gift to the trustee in each instance. If the decedent did not have a clear and unmistakable intention to divest himself of the *title*, *dominion*, and *control* of the funds, he failed to make such delivery of the subject matter of the gift as is required by the law for a gift *in praesenti*. *Guaranty Trust Co.*, 35 B. T. A. 916, affd. 98 F. 2d 62. Under the law of the State of California, the essential elements of a gift inter vivos are an intention to make a donation then and there and an actual or constructive delivery at the same time of a nature sufficient to divest the giver of all *dominion* and *control* and invest the recipient therewith. *Castelhun* v. *San Francisco Savings & Loan Society*, 56 Cal. App. 220, 205 P. 65; *In re Hall's Estate*, 154 Cal. 527, 98 P. 269. The necessity for delivery of the thing given with intention to vest in the donee control over it is pointed out in *Union Mutual Life Insurance Co.* v. *Broderick*, 196 Cal. 497, 238 P. 1034:

Furthermore, in determining the question of the validity of a gift, the matter of the intent with which the delivery is made is always an important and essential element to be considered. Unless the donor intends to divest himself *completely* of *control* and dominion over the property given, the gift is incomplete and ineffectual. * * * [Emphasis added.]

See also *Beebe* v. *Coffin*, 153 Cal. 174, 94 P. 766, wherein it is stated:

But the essential of delivery of the *immediate* surrender of *all dominion and control* over the subject of the gift is as absolutely necessary in the one class of gifts as in the other. Falling short of *such unconditional delivery*, a gift is incomplete. * * * [Emphasis added.]

---

[2] SEC. 812. NET ESTATE.

For the purpose of the tax the value of the net estate shall be determined, in the case of a citizen or resident of the United States by deducting from the value of the gross estate—

\*          \*          \*          \*          \*          \*          \*

(b) EXPENSES, LOSSES, INDEBTEDNESS, AND TAXES.—Such amounts—

\*          \*          \*          \*          \*          \*          \*

(3) for claims against the estate, and

\*          \*          \*          \*          \*          \*          \*

The deduction herein allowed in the case of claims against the estate, unpaid mortgages, or any indebtedness shall, when founded upon a promise or agreement, be limited to the extent that they were contracted bona fide and for an adequate and full consideration in money or money's worth; * * *

An obligation to return or repay the thing received is irreconcilably in conflict with the theory of gift. See *Townsend* v. *Sullivan*, 3 Cal. App. 115, 84 P. 435.

Upon review of the stipulation and the facts, it is our opinion that the decedent did not make absolute gifts to the trustee. Thus, the parties stipulate that the decedent father imposed as a condition *before* the transfers to the trustee the requirement that the sums be kept intact and returned to him in exchange for his notes. Cf. *Hynes* v. *White*, 47 Cal. App. 549, 190 P. 836. The effect of this condition was to prevent the vesting of title to the moneys in the trustee, for under it the decedent never divested himself completely of control and dominion over the sums transferred. Cf. *Noe* v. *Card*, 14 Cal. 576 (1860); *Gould* v. *Van Horne*, 43 Cal. App. 145, 187 P. 35; *Hynes* v. *White*, *supra;* see also 24 Am. Jur. 754.

The facts in this proceeding are similar to those in *Guaranty Trust Co.* v. *Commissioner*, (C. A. 2) 98 F. 2d 62, affirming the Board of Tax Appeals, 35 B. T. A. 916; and to *Johnson* v. *Commissioner*, (C. A. 2) 86 F. 2d 710, cited and followed in the *Guaranty* case.

In the *Guaranty* case the court stated:

The question is whether gifts were completed before the agreements that the moneys should be loaned to Mr. Peterson were made. If such was the case, and full legal and equitable rights in the moneys passed to Mrs. Peterson individually and thereafter to her as trustee of the various trusts, the trust estate furnished "full consideration in money or money's worth" for the notes upon which the claims which the taxpayer seeks to deduct rest, *Judson* v. *Hatch*, 171 App. Div. 246, 157 N. Y. S. 182; *Matter of Hendricks' Estate*, 163 App. Div. 413, 148 N. Y. S. 511; *Stewart* v. *Whittemore*, 3 Cal. App. 213, 84 P. 841. *On the other hand, if the checks and proceeds reached Mrs. Peterson upon the condition or under the agreement that there should be loans of identical amounts to her husband by the trusts which she was to set up there were not completed gifts but only a circulation of funds from Mr. Peterson, or his banks, to his wife, from her individually to herself as trustee, from her as trustee to him, and from him back to his banks to restore his accounts* and wipe out his borrowings in cases where he borrowed in order to carry out the various transactions. *If, because the transfers to Mrs. Peterson were conditioned upon loans to her husband, the trusts were not in fact furnishing the moneys, which came only from his own funds, the corpus of each trust would consist wholly of a note of Peterson that was no more than an unenforceable gratuitous "promise to make a gift," based upon neither money nor money's worth. Johnson* v. *Commissioner*, 2 Circ., 86 F. 2d 710, 713; *Holmes* v. *Roper*, 141 N. Y. 64, 36 N. E. 180. American Law Institute, Restatement Trusts, sec. 26. [Emphasis added.]

The Board of Tax Appeals had found that all of the steps were component parts of single transactions and that the entire arrangement was agreed upon in such a way that the funds were to be used in only one way; viz., to set up trusts and then to be returned to the alleged donor. Thus the Board concluded that there was a lack of intention on the part of the petitioner to divest himself of complete dominion

over the funds transferred to his wife. They similarly regarded three subsequent transactions. Accordingly, it was held that the notes were not given for full consideration in money or money's worth and the claims based upon them were not deductible under section 303 (a) (1) of the Revenue Act of 1926.

In the *Johnson* case the court stated:

* * * Everything was done at the same time and as part of one transaction. Not for an instant did Mr. Johnson lose *control* of his "gift," nor did Mrs. Johnson or *the trustee have possession of it free from a duty to return it to him.* See *In re Schmidlapp's Estate,* 236 N. Y. 278, 285, 140 N. E. 697. To constitute a valid gift inter vivos the donor must have a clear and unequivocal intention to *part* with his property *presently and forever. Snavely v. Henderson,* 204 F. 978, 979 (C. C. A. 8) ; *Gannon v. McGuire,* 160 N. Y. 476, 481, 55 N. E. 7, 73 Am. St. Rep. 694. If the donor did not have the intention to *part* with present *interest* and *control,* the gift fails. *In re Miller's Estate,* 236 N. Y. 290, 140 N. E. 701. The transaction at bar was no different than if Johnson himself had delivered money to the Trust Company to hold until he should request its return as a "loan." *The payment to Johnson of money which he himself supplied to the trustee for the very purpose cannot be a loan to him or furnish consideration for his note. Hence the practical and the legal effect of what was done was to set up a trust composed solely of Johnson's note given without consideration.* * * * .[Emphasis added.]

In the *Johnson* case the terms of the trust forbade the assignment of the notes given to the trustee by the alleged donor. In the instant case the notes in question are apparently negotiable. This factor is not determinative of the question before us for, as the court stated in the *Johnson* case:

* * * Nor could we hold, if in reality there was a loan by the trustee to Mr. Johnson, that it would be invalidated by the restriction in the trust deed forbidding the trustee to assign the note, or to enforce payment without the direction of the settlor. It is inherent in a demand note that the payee has the power to decide when to call the loan, or to determine not to enforce his rights at all. If the payee is a trustee, no reason is apparent why such decisions may not be reserved to the settlor of the trust. So long as any one has the right to compel the borrower to pay upon demand, the debt remains; and the Board made no finding that there was any agreement that Mrs. Johnson should never direct the trustee to enforce payment. Although Mr. Johnson may have had such confidence in his wife's forbearance that he knew the note would not be collected during his life, nevertheless she was left legally free to direct the trustee to collect it. The distinction, though often hard to detect in fact, is perfectly clear in principle between creating rights which you trust will not be exercised and creating no legal rights at all; a transaction of the first kind changes existing legal relations between the parties, the other does not. * * *

The court then pointed to the pertinent and basic consideration; viz., that petitioner's premise was in error, for there was no gift in the first instance and this was the fatal flaw in the taxpayer's argument.

The record, apart from the stipulation, offers no contravening evidence, hence no independent support for the allegation that there was

a bona fide gift. It does show that the alleged donees were not, at least in some instances, aware of the existence of the alleged debt as late as 1 year after it was supposed to have come into existence. Thus, at the time decedent personally made the first distribution of the checks in evidence, which checks were unmarked, some of the recipients were under the impression that these checks represented returns on investments decedent had made for them. The letter the trustee wrote respondent, together with the testimony of this same trustee, do establish decedent's primary motivation in setting up the arrangement in question as a means of effecting distributions to his children and securing concurrent reduction of his income tax burden. These motivations, while insufficient in and of themselves to require disallowance, do establish the real purposes of these transactions. Under the circumstances, as the Board stated in the *Guaranty* case:

> The courts and this Board have looked through the forms of transactions to their substance, particularly where an effort to reduce or avoid the payment of taxes is the evident real purpose of the transactions. Such intent was admitted in the *Johnson* case. We are convinced that such purpose was also present in the mind of decedent here, who held himself out to be a "donor" in transactions which were unreal in view of the means at his command to make a bona fide valid gift at the time without resorting to such complex procedure of creating forms without substance in fact or in law. * * * In the following decisions the separate transactions in a preconceived plan were not regarded as having effected gifts or sales of property; *Commissioner* v. *Dyer*, 74 Fed. (2d) 685; *S. A. Macqueen Co.* v. *Commissioner*, 67 Fed. (2d) 857; *Shoenberg* v. *Commissioner*, 77 Fed. (2d) 446. In *Jackson* v. *Commissioner*, 64 Fed. (2d) 359, and the following decisions it was held that attempted gifts and sales were not consummated; *J. L. McInerney*, 29 B. T. A. 1; affd. *McInerney* v. *Commissioner*, 82 Fed. (2d) 665, where it was held there was no bona fide gift. It is noted that all arrangements had been completed in advance and that the transfer of property to a wife was an incident in a plan; *Adolph Weil*, 31 B. T. A. 899; affd. 82 Fed. (2d) 561; certiorari denied, 299 U. S. 552; *Theodore C. Jackson et al., Administrators*, 32 B. T. A. 470; *Joseph Blumenthal*, 30 B. T. A. 125; *D. A. Belden*, 30 B. T. A. 601; *F. Coit Johnson*, 33 B. T. A. 1003; affd. *Johnson* v. *Commissioner*, supra.

Further, since the parties to the transactions were all members of the same family, the comments of the Supreme Court in *Burnet* v. *Wells*, 289 U. S. 670, are pertinent: "The solidarity of the family is to make it possible for the taxpayer to surrender title to another and to keep dominion for himself, or, if not technical dominion, at least the substance of enjoyment." See also *F. Coit Johnson*, 33 B. T. A. 1003, at 1008.

With respect to the disallowance of an amount represented by 1 note in the name of Alma Connell (and interest accumulated thereon), respondent offers no contentions on brief. Rather he concedes that this note was not part of the arrangements covering the transactions questioned with respect to the other 19 notes. It is stipulated that the

926

face amount of this note, $3,000, was lent to decedent and that it was Alma's own money. Under the circumstances, we hold that, with respect to the amount represented by this note, respondent erred in his determination. With respect to the amount represented by the other 19 notes, we hold, under the facts, that respondent did not err in his determination.

*Decision will be entered under Rule 50.*