ESTATE OF LULU K. FLANDREAU, DECEASED, RICHARD KNIES, EXECUTOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Flandreau v. Commissioner
Docket No. 22448-89.
United States Tax Court
T.C. Memo 1992-173; 1992 Tax Ct. Memo LEXIS 184; 63 T.C.M. (CCH) 2512; March 24, 1992, Filed *184 Decision will be entered under Rule 155. John O'Shea, for petitioner. William J. Gregg, for respondent. CLAPP
CLAPP
MEMORANDUM OPINION CLAPP, Judge: Respondent determined a deficiency in estate tax in the amount of $ 38,756.35. After concessions by the parties, the issue for consideration is whether petitioner is entitled to claim deductions for notes in the amount of $ 102,000 executed by decedent in favor of her children. We hold that petitioner is not entitled to such deductions. All section references are to the Internal Revenue Code in effect at the date of decedent's death, and all Rule references are to the Tax Court Rules of Practice and Procedure. We incorporate by reference the stipulation of facts and attached exhibits. Petitioner is the Estate of Lulu K. Flandreau (decedent). Decedent was a resident of Munsey Park, New York, when she died on February 20, 1986. On September 13, 1989, the date the petition in this case was filed, the executor resided in Manhasset, New York. Petitioner timely filed a Form 706, United States Estate Tax Return. During 1970, January 1971, and January 1972, decedent transferred $ 102,000 in cash to her two sons, Richard A. *185 Knies and Donald A. Knies, and their wives: Date of
Gift
Paid To
Amount
1970
Donald A. Knies
$ 21,000
1970
Maureen Knies
6,000
1970
Richard A. Knies
21,000
1970
Constance D. Knies
6,000
1/71
Donald A. Knies
6,000
1/71
Maureen Knies
6,000
1/71
Richard A. Knies
6,000
1/71
Constance D. Knies
6,000
1/72
Donald A. Knies
6,000
1/72
Maureen Knies
6,000
1/72
Richard A. Knies
6,000
1/72
Constance D. Knies
6,000
The cash transfers described above were reported on Forms 709, United States Gift Tax Returns, filed by decedent. Decedent's son, Richard, and his wife, Constance, transferred funds totaling $ 51,000 to decedent during December 1970, January 1971, and January 1972: Date
Funds Provided By
Amount
12/10/70
Richard A. Knies
$  6,000
12/10/70
Constance D. Knies
6,000
12/17/70
Richard A. Knies
15,000
1/8/71
Richard A. Knies
6,000
1/8/71
Constance D. Knies
6,000
1/5/72
Richard A. Knies
6,000
1/5/72
Constance D. Knies
6,000
Decedent's son, Donald, and his wife, Maureen, transferred funds totaling $ 51,000 to decedent during December 1970, January 1971, and January 1972: Date
Funds Provided By
Amount
12/10/70
Maureen Knies
$  6,000
12/10/70
Donald A. Knies
6,000
12/17/70
Donald A. Knies
15,000
1/8/71
Donald A. Knies
6,000
1/8/71
Maureen Knies
6,000
1/10/72
Donald A. Knies
6,000
1/10/72
Maureen Knies
6,000
*186 Respondent disagrees due to lack of hard evidence that Donald or Maureen ever transferred funds to decedent. However, such transfers are consistent with the rest of the transactions, and we so find. Decedent executed several notes in which she promised to pay both of her sons and their wives the following amounts: Date of Note
Payment Amount
Payment to
12/10/70
$  6,000
Richard A. Knies
12/10/70
6,000
Constance D. Knies
12/17/70
15,000
Richard A. Knies
1/8/71
6,000
Richard A. Knies
1/8/71
6,000
Constance D. Knies
1/5/72
6,000
Richard A. Knies
1/5/72
6,000
Constance D. Knies
12/10/70
6,000
Maureen Knies
12/10/70
6,000
Donald A. Knies
12/17/70
15,000
Donald A. Knies
1/8/71
6,000
Donald A. Knies
1/8/71
6,000
Maureen Knies
1/10/71
6,000
Donald Knies
1/10/71
6,000
Maureen Knies
Respondent contends that the dates of the notes between decedent and Donald and Maureen, although dated January 10, 1971, should be January 10, 1972. This would be consistent with the transfers by and notes to Richard and Constance. We find that January 10, 1972, is the correct date for these transfers and notes. The amounts of these notes equal the amounts of the funds decedent *187 had transferred to her sons and their wives. The dates of the transfers and the notes were contemporaneous. Decedent was 70 years old when she executed the first notes. All of the notes were due during December 1995 -- at which time decedent would have been 95 years old -- or upon decedent's death, whichever occurred first. The notes were noninterest bearing, and there was no collateral or security given in exchange for them. No repayments were ever made by decedent during her lifetime on these notes. Respondent disallowed the deduction by petitioner of the alleged debts of decedent represented by the notes in issue. Respondent contends that the transfers of funds by decedent to her children constituted incomplete gifts because the amounts were immediately returned, and that the notes did not represent "bona fide debts contracted for adequate and full consideration under Section 2053 of the Internal Revenue Code." Petitioner argues that because respondent previously accepted as valid the gift tax returns filed by decedent during her lifetime, respondent is barred by the statute of limitations from now adjusting or disputing the value of such gifts, and thus the gifts must be *188 treated as complete and unconditional. Therefore, the notes from decedent were in exchange for cash transfers and do represent bona fide debts of decedent and, thus, a valid claim against petitioner. Section 2053(a) provides that the value of the taxable estate shall be determined by deducting from the gross estate, among other things, claims against the estate. Section 2053(c)(1)(A) provides that any deduction allowed for claims against the estate be limited "to the extent that they were contracted bona fide and for an adequate and full consideration in money or money's worth". The question in the instant case is whether decedent's alleged debts were contracted bona fide and for full consideration in money or money's worth. We find that the notes executed by decedent in favor of her children do not represent debts of decedent. The succession of events indicates that decedent never intended to make completed gifts, but instead to arrange to receive estate tax deductions without parting with control of her money. The gifts, transfers back, and notes were exchanged contemporaneously; they were for identical amounts; the notes were accepted without collateral; they were noninterest *189 bearing; and they stipulated that repayment would not be made until the earlier of 1995, when decedent would be 95 years of age, or upon her death. It is clear that these were merely circular transfers of money from decedent to her children and back to decedent. Further, as indicated by the exceedingly liberal terms of the notes, there was no expectation of eventual repayment. Decedent's notes to her children did not represent debts, as the notes were nothing more than unenforceable gratuitous promises to make a gift, based upon neither money nor money's worth. In these circumstances, the payment to decedent of money which she herself supplied to her children cannot be loans to her or furnish consideration for her notes. Accordingly, decedent's notes were not given to her children for full consideration in money or money's worth, and the claims based upon them are not deductible claims against the estate under section 2053. Guaranty Trust Co. v. Commissioner, 98 F.2d 62 (2d Cir. 1938); Estate of Connell v. Commissioner, 20 T.C. 917 (1953). Finally, petitioner contends that because the statute of limitations for assessment has expired *190 with respect to the gifts reported by decedent on her previously filed Forms 709, respondent is barred from challenging these gifts in determining estate tax liability. However, in Guaranty Trust Co. v. Commissioner, supra at 66, the Second Circuit stated: There could be no estoppel in the present case even if one were ever possible against the government because it had accepted payment of taxes that were theoretically inconsistent with a liability for others. Here there is no reason to suppose that the government officials knew anything about the circumstances under which the alleged gifts were made or that they did more than take the representations of the taxpayer that he had made gifts and was liable for taxes thereon, at their face value.
Our conclusion is not based on whether or not these gifts were valid. Our holding looks to the exact relationship in time and amount between the gifts, the transfers back, and the notes. Treating them all as component parts of single transactions, we conclude that there were no valid debts which could serve as bases for estate tax deductions. Decision will be entered under Rule 155.