ESTATE OF Lulu K. FLANDREAU,
Deceased, Richard Knies, Executor,
Petitioner–Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE, Respondent–
Appellee.

No. 1254, Docket 92–4182.

United States Court of Appeals,
Second Circuit.

Argued March 18, 1993.

Decided May 26, 1993.

John O'Shea, Manhasset, NY, for petitioner-appellant.

David A. Shuster, Washington, DC (James A. Bruton, Acting Asst. Atty. Gen., Gary R. Allen, Jonathan S. Cohen, Attys., Tax Div., Dept. of Justice, Washington, DC, on the brief), for respondent-appellee.

Before ALTIMARI, LUMBARD, and LOKEN,* Circuit Judges.

LOKEN, Circuit Judge:

The Estate of Lulu K. Flandreau appeals a decision of the United States Tax Court, Clapp, *J.*, denying the Estate an estate tax deduction under I.R.C. § 2053 for the unpaid balance of promissory notes executed by decedent payable to her sons and daughters-in-law. *Estate of Flandreau v. Commissioner,* T.C. Memo 1992–173, 63 T.C.M. (CCH) ¶ 2512 (1992). We affirm.

I.

I.R.C. § 2053(a)(3) provides an estate tax deduction "for claims against the estate." A deduction "founded on a promise or agreement," however, is "limited to the extent that [the claims] were contracted bona fide and for an adequate and full consideration in money or money's worth." I.R.C. § 2053(c)(1). In this case, the Estate claims a $102,000 deduction for the face amounts of fourteen non-interest bearing, unsecured promissory notes executed by decedent in December 1970, January 1971, and January 1972 payable to her two sons and their wives.

Each note was preceded by a gift of the same amount from decedent to the purported lender. Decedent reported each of these transfers on a gift tax return but paid only $126 in federal gift taxes as all but two of the transfers were within the then-applicable gift tax exclusion. The recipients then transferred the gifted amounts back to decedent and received the notes in question. The notes were payable in 1995, when decedent would be 95 years old, or upon her death.

Mrs. Flandreau died on February 20, 1986, without having repaid any portion of the notes. The Estate claimed a deduction of $102,000 for the full amount due. The Commissioner issued a Notice of Deficiency denying the deduction on the ground that, "The debts were not bona fide debts contracted for adequate and full consideration under Section 2053 of the Internal Revenue Code." The tax court denied the Estate's petition for redetermination. The court concluded that "these were merely circular transfers of money from decedent to her children and back to decedent." As such, the notes did not represent debts, but were rather "unenforceable gratuitous promises to make a gift, based upon neither money nor money's worth," and therefore did not qualify as deductible claims under § 2053. The Estate appeals.

II.

 We have consistently rejected taxpayer attempts to use gifts to family members followed by loans back to the taxpayer to avoid federal taxes that would otherwise be imposed. In *Johnson v. Commissioner,* 86 F.2d 710 (2d Cir.1936), taxpayer gave $400,000 to his wife. The wife established two

* Hon. James B. Loken, Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

trusts, assigning insurance policies on taxpayer's life, with the wife as beneficiary, to an "insurance" trust, and depositing the $400,000 in a "funded" trust. The funded trust then loaned taxpayer the $400,000. Mr. Johnson claimed a deduction for his interest payments to the funded trust. Of course, the trustee used the interest payments to pay the premiums on the life insurance policies. We affirmed the disallowance of this "ingenious attempt to reduce taxes," concluding that this was all part of a single transaction and that taxpayer never lost control of his gift. "The payment to Johnson of money which he himself supplied to the trustee for the very purpose [of making the loan] cannot be a loan to him or furnish consideration for his note." 86 F.2d at 712.

In *Guaranty Trust Co. of New York v. Commissioner*, 98 F.2d 62 (2d Cir.1938), decedent gave his wife $1,048,000 over a five year period. She put the moneys in trust, and the trusts loaned decedent the same amounts in exchange for ten-year interest bearing notes. We affirmed the denial of an estate tax deduction for the $1,048,000 owing on the notes at his death. Relying upon *Johnson v. Commissioner*, we reasoned that, because the gifts were conditioned upon the subsequent loans, the trusts had only "loaned" decedent his own money.

In *Muserlian v. Commissioner*, 932 F.2d 109 (2d Cir.1991), the taxpayer made forty loans of about $5,000 each to his adult children who immediately loaned the same amounts back to him. Again, we affirmed the denial of a deduction for interest payments on these loans, concluding that this was not bona fide indebtedness. "By making 'gifts' and then receiving 'loans' from his donees, the taxpayer was actually borrowing his own money to create interest expense." 932 F.2d at 113.

■ The tax court's findings and conclusions in this case are entirely consistent with the above precedents. The gifts, loans, and notes were exchanged contemporaneously, and the amounts of the gifts were identical to the amounts subsequently loaned. The Estate argues that the tax court improperly considered the source of the funds that decedent's sons and daughters-in-law "loaned" to her in exchange for the notes. However, *Guaranty Trust* confirms that it is appropriate to look beyond the form of the transactions and to determine, as the tax court did here, that the gifts and loans back to decedent were "component parts of single transactions." 98 F.2d at 66.

■ As the Supreme Court has observed, "the family relationship often makes it possible for one to shift tax incidence by surface changes of ownership without disturbing in the least his dominion and control over the subject of the gift or the purposes for which the income from the property is used." *Commissioner v. Culbertson*, 337 U.S. 733, 746, 69 S.Ct. 1210, 1216, 93 L.Ed. 1659 (1949). For this reason, courts examine such intrafamily transactions with heightened scrutiny; when the bona fides of promissory notes is at issue, the taxpayer must demonstrate affirmatively that "there existed at the time of the transaction a real expectation of repayment and an intent to enforce the collection of the indebtedness." *Estate of Van Anda v. Commissioner*, 12 T.C. 1158, 1162, 1949 WL 301 (1949), *aff'd per curiam*, 192 F.2d 391 (2d Cir.1951). *See also Estate of Labombarde v. Commissioner*, 58 T.C. 745, 754–55, 1972 WL 2474 (1972), *aff'd*, 73–2 U.S. Tax Cas. (CCH) ¶ 12953 (1st Cir.1973). Here, the tax court expressly found that the sons and daughters-in-law never expected that the money they transferred to decedent would be repaid.

■ Having carefully considered the entire transaction, we agree with the tax court that the Estate failed to carry its burden of showing the notes were "contracted bona fide and for an adequate and full consideration in money or money's worth." [1]

1. We reject the Estate's additional argument that § 2513(a) requires that one-half of the funds lent to decedent be considered bona fide debts because her gift tax returns treated one-half of the gifts as having been made by her husband. The gift-splitting mechanism established by § 2513(a) expressly applies only "for the purposes of" the gift tax. Moreover, the record here demonstrates that decedent transferred her own money to her sons and daughters-in-law, not that of her husband.

Finally, the Estate argues that the tax court's ruling violates I.R.C. § 2504(c), which prohibits the Commissioner from challenging the value of gifts after the gift tax has been assessed and paid and the gift tax statute of limitations has run. The Estate argues that the Commissioner essentially "revalued" the gifts at $0.00. However, this case does not involve revaluation of the gifts. Neither the amount of gift tax paid nor the valuation of the gifted property is at issue. The issue, rather, is whether the notes represent deductible claims against the Estate for estate tax purposes. The contemporaneous gifts are simply highly relevant evidence that the notes do not reflect bona fide debts contracted for adequate and full consideration.

Congress explicitly stated in the legislative history that § 2504(c) "will not prevent adjustment where issues other than valuation of property are involved." H.R.Rep. No. 1337, 83d Cong., 2d Sess. A322, *reprinted in* 1954 U.S.C.C.A.N. 4017, 4465; S.Rep. No. 1622, 83d Cong., 2d Sess. 479, *reprinted in* 1954 U.S.C.C.A.N. 4621, 5123. "Statutes of limitation sought to be applied to bar the rights of the Government, must receive a strict construction in favor of the Government," *Badaracco v. Commissioner*, 464 U.S. 386, 391, 104 S.Ct. 756, 761, 78 L.Ed.2d 549 (1984) (quoting *E.I. du Pont de Nemours & Co. v. Davis*, 264 U.S. 456, 462, 44 S.Ct. 364, 366, 68 L.Ed. 788 (1924)). For these reasons, we conclude that § 2504(c) does not bar the deficiency assessed by the Commissioner.

The interrelationship between the estate tax and the gift taxes that were paid does raise one concern about the result in this case. I.R.C. § 2012 provides a credit for gift taxes paid on gifts made prior to December 31, 1976, if the amount of the gift is later included in the donor's gross estate for estate tax purposes. That appears to be, in substance, what has happened here. In recomputing the Estate's tax liability to reflect the tax court's decision, the Commissioner did not credit the Estate for any gift tax paid on the transactions in question. However, as the Estate has not raised the issue and the amount is at most $126.00, clearly *de minim-*

*is*, we will not consider it *sua sponte.* The judgment of the tax court is affirmed.